(No. 6338. February 4, 1937.)

## DELOSS C. WATERS, Appellant, v. ADAM B. BARCLAY, Respondent.

[64 Pac. (2d) 1079.]

Deloss C. Waters, appellant, for himself.

W. A, Babcock, Frank L. Stephan, James R. Bothwell, R. P. Parry, J. W. Porter and W. Orr Chapman for Respondent.

GIVENS, J.—March 5th, 1935, appellant was served with an order, issued in an action then pending in the Eleventh District Court for Twin Falls county before respondent, presiding judge, between appellant and Frances Waters, restraining appellant from disposing of any community property. March 26, 1935, a bench warrant was issued for appellant's arrest for violating the above order, and on the 27th of March he was taken into custody by the sheriff of Twin Falls county. March 28th appellant filed the following affidavit:

"Deloss C. Waters, being first duly sworn deposes and says, that he is the defendant in the above entitled action, that he was upon the 26th day of March, 1935, arrested and confined in Jail for contempt of Court in said action, wherein a bench warrant was issued to and for his said arrest forthwith and without notice and said bench warrant ordered that defendant be brought before said court at 5 o'clock P. M. upon said date of arrest, and that the Hon. A. B. Barclay who issued said bench warrant prior to said hour left Twin Falls for Jerome, continuing said hearing until Friday March 28th, 1935.

"That the said the Hon. A. B. Barclay said judge of said Court defendant believes and has reasons to believe is biased, and prejudiced in the said matter, and it will be impossible for defendant to have and receive a fair and impartial hearing in said matter before the said the Hon. Judge Barclay, and hereby requests and demands that said hearing be heard and had before some judge other that the said A. B. Barclay.

"DELOSS C. WATERS,    DELOSS C. WATERS

"Subscribed and sworn to before me this 28th day of March 1935.

" (Seal.)                    O. C. HALL, Notary Public.
Twin Falls, Idaho."

Nevertheless after a hearing before him on March 29th, respondent committed appellant to jail to serve in default of

payment thereof of a fine of $300 at the rate of $2 per day, for contempt in violation of the first order above mentioned. Appellant was released by a writ of *habeas corpus* out of this court, April 18th.

This action was brought by appellant against respondent for damages for the alleged false imprisonment on the theory that respondent under Section 1–1801, I. C. A., as amended by 1933 Session Laws, Chapter 218, page 463, was entirely without jurisdiction to make the order of March 29, 1935. From the judgment dismissing the action following the sustaining of a demurrer to the complaint substantially reciting the above, as not stating a cause of action, by a judge other than respondent, this appeal was taken.

By the terms of the statute after the filing of an affidavit of prejudice the judge is without authority to proceed further except as to certain matters not involved herein. Nevertheless the judge was not without jurisdiction so as to charge him with civil liability in this, that he had first to determine that an affidavit complying with the statute had been filed by a party to the action, or his attorney or agent, and that this section applied to contempt proceedings.

That the judge had general jurisdiction of the parties and the subject matter, i. e., right to control the community property of Deloss and Frances Waters in the action pending before him and enforce his orders by contempt proceedings, is not questioned. Thus by proceeding as he did, after the affidavit was filed, respondent acted in excess of, but not without, jurisdiction. The authorities are uniform that under such circumstances a judge is not liable in civil damages.

"Subject to some qualifications of the rule where judges of inferior jurisdiction are concerned, no person is liable civilly for what he may do as judge while acting within the limits of his jurisdiction, nor is he so liable for neglect or refusal to act. The rule is especially true where the judge is one having general jurisdiction, and, in such case, there is no liability, even though he exceeds his authority, or even though it is a case in which the judge is called upon to decide whether or not a particular case is within his jurisdiction, and he falls into error in arriving at that conclusion. Where a judge has full jurisdiction of the subject matter and

of the parties, he is not liable civilly where he acts erroneously, illegally, or irregularly, and he is not chargeable with costs resulting from his erroneous rulings, or the cost of a proceeding to prohibit erroneous action on his part, nor is he liable for a failure to exercise due and ordinary care. . . . . '' (33 C. J., p. 981, sec. 115; 14 Cal. Jur., pp. 796, 797, Judges, sec. 10.)

*Bradley v. Fisher,* 80 U. S. 156, 13 Wall. 335, 20 L. ed. 646:
''In the present case we have looked into the authorities and are clear, from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.''

Followed with approval on this distinction in *Lange v. Benedict,* 73 N. Y. 12, 29 Am. Rep. 80 at 95; *Hughes v. McCoy,* 11 Colo. 591, 19 Pac. 674; *Calhoun v. Little,* 106 Ga. 336, 32 S. E. 86, 71 Am. St. 254, 43 L. R. A. 630; *Yaselli v. Goff,* 12 Fed. (2d) 396, 56 A. L. R. 1239; *McCall v. Cohen,* 16 S. C. 445, 42 Am. Rep. 641; *Root v. Rose,* 6 N. D. 575, 72 N. W. 1022. This distinction is clearly pointed out and recognized by the very authorities cited by appellant.

In *Cooke v. Bangs, Jr.,* 31 Fed. 640, an action against a justice of the peace for damages for false imprisonment similar to the action herein, the court said:

"But the further question arises as to the rule when an act of a justice of the peace is in excess of his jurisdiction, and done maliciously. Can he, in such a case, be made amenable to a private action for damages? Here, the authorities are far from being in accord. I find no express adjudication on this question in the supreme court of the United States. A distinction should be but has not always been drawn, and that is between a case where a justice of the peace is acting simply in excess of his jurisdiction, and one in which he attempts to act in respect to a subject-matter of which he clearly has no jurisdiction. That distinction is noticed in this case of *Bradley v. Fisher, supra,* and it is very important to be borne in mind'':

quoting then with approval the quotation from *Bradley v. Fisher, supra,* and after reviewing other cases concludes thus:

"The defendant in this case, in issuing this second warrant, I think, clearly acted erroneously. But the proceeding, although erroneous, was within the limits of a jurisdiction vested in him, for he had jurisdiction over the matter of contempt; and it seems to me that the public policy which requires an independent judiciary compels that he should be held not amenable to a civil action for damages. The objection to the introduction of the testimony is sustained."

Also *Comstock v. Eagleton,* 11 Okl. 487, 69 Pac. 955, cited by appellant follows *Bradley v. Fisher, supra,* and supports the conclusion herein. See, also, *State v. Martin,* 125 Okl. 24, 256 Pac. 681.

The demurrer to the complaint was properly sustained and the ensuing judgment for respondent properly entered, which is therefore affirmed.

Costs awarded to respondent.

Morgan, C. J., Holden, and Ailshie, JJ., concur.