FELIX POGUE, Appellant, v. J. O. SWINK, Respondent.
THEODORE HEFFRON, Appellant, v. J. O. SWINK, Respondent, Nos. 44377 and 44378—284 S. W. (2d) 868.

Division Two, November 14, 1955.
Motion for Rehearing or to Transfer to Banc Overruled, December 12, 1955.

504

*W. A. Brookshire* for appellants.

*Roberts & Roberts* and *Smith & Smith* for respondent.

[869] BARRETT, C.—In these consolidated actions Felix Pogue, the presiding judge of the County Court of St. Francois County, and Theodore Heffron, an associate judge of the county court, sought to recover a judgment for actual and punitive damages against J. O. Swink who was then the circuit judge of the Twenty-seventh Judicial Circuit which included St. Francois County. The record consists of the petitions and attached exhibits, which, necessarily, are explanatory of the petitions and of the facts and circumstances out of which the actions arose, and the defendant's motions to dismiss the actions for the stated reasons that the petitions show on their faces that the acts complained of were done and performed by the defendant while acting in his judicial capacity "and within the sphere of his jurisdiction" and, therefore, the petitions failed to state causes of action against the defendant. The trial court sustained the motions, dismissed the petitions with prejudice, and the plaintiffs have appealed.

Briefly, these are the allegations and the facts and circumstances out of which the actions arose: On January 15, 1951, Judge Swink, apparently upon his own initiative, entered an order changing the salary of the deputy circuit clerk from $1980 to $2160 a year. The order was attested by the circuit clerk who certified that he had delivered a copy of the order to the clerk of the county court. On the 2nd day of February Judge Swink caused a citation to be served upon the appellants summoning them to appear "before the Circuit Court of St. Francois County * * * at 9:30 A. M. on Monday, February 5th, 1951, then and there to show cause, if any you have, why you should not be punished for contempt of the Circuit Court of St. Francois County * * * for disobeying the order of January 15th, 1951, increasing the salary of Julia F. Presnell, Deputy Circuit Clerk of said County and State." On the 5th day of February the judges of the county court filed a response to the citation, signed by their attorney, in which they stated that they were the qualified and acting judges of the county court and that they "have acted in their official capacity at all times during the month of January, 1951" and that they had certified to the state auditor a salary of $1980 instead of $2160 for the deputy circuit clerk in their "official capacity and for the financial welfare of the taxpayers of St. Francois County" in accordance with the orders in the offices of the county and circuit clerks appointing her on October 1, 1949. It was also alleged in the response that the order of Judge Swink "shows on its face" that it was not authorized under the specifically noted statutes and it did not appear from the order that the increased salary was necessary or required. It is alleged in the petitions that the appellants appeared before Judge Swink in accordance with the citation and that "in open court" he inquired of the appellants whether they intended to obey the order and upon their answering "No," ordered the sheriff to imprison them in the county jail for a period of twenty-four hours. It is alleged that the sheriff did imprison [870] the plaintiffs and, at the time, Judge Swink's order was oral but subsequently a record entry was made "of the pretended judgment and a sentence" and that in making and entering "such pretended judgment the defendant was acting without any jurisdiction of either the person of the plaintiff or the subject matter and was falsely usurping the functions and power of a Circuit Judge." It is alleged in the petitions that the order of imprisonment was illegal "for the reason that the court had no jurisdiction to issue said order or to adjudge the plaintiff(s) in contempt of court for the reason that the pretended order * * * changing the salary of said Julia F. Presnell, if effective, was only a ministerial act, and was, in no manner, judicial in character, and, if effective, gave only the right to said Deputy Circuit Clerk to collect by proper remedy any salary increase to which she might be entitled" and that the circuit court had no jurisdiction over the persons of the plaintiffs or the subject matter

"touching the purported order and the act of the defendant causing the plaintiff(s) to be imprisoned was illegal and void, and the imprisonment was illegal and false." It was then alleged that the defendant's actions and conduct in imprisoning them was malicious and wilful. A second count in the petitions alleges that on the 6th day of February the defendant again commanded the plaintiffs to appear before him and upon their repeated refusal to obey the order increasing the deputy's salary, he again sentenced them to imprisonment for twenty-four hours. About two o'clock of that day the appellants, upon a writ of habeas corpus, were released from their imprisonment by the St. Louis Court of Appeals (Pogue v. Smallen, (Mo. App.) 238 S. W. (2) 20), and these actions for damages followed shortly.

The appellants, recognizing the general rule of nonliability of a judicial officer, in a civil action, for his acts in his judicial capacity and within his jurisdiction (22 Am. Jur., Sec. 52, p. 390; 30 Am. Jur., Secs. 40, 43, 45, pp. 752, 755, 758; 12 Am. Jur., Sec. 65, p. 433; annotations 13 A.L.R. 1344; 173 A.L.R. 802) seek to bring their actions within the exceptions to the general rule. Their theory of liability in general is stated in this language: "These two suits are based upon the two acts of imprisonment and damages are sought for the reason that the defendant, although he was Judge of the 27th Judicial Circuit, in this matter had no jurisdiction of either the subject matter or the parties, and had usurped the power and function of a judge in finding the plaintiffs guilty of contempt and in sentencing them to imprisonment." The petitions are given the titles "False Imprisonment and Trespass" but in their brief and in their allegations the plaintiffs have commingled, without discrimination, the actions for false imprisonment, malicious prosecution and malicious abuse of process. Thompson v. Farmers Exchange Bank, 333 Mo. 437, 454-455, 62 S. W. (2) 803, 810. But the gist and basic theory of the actions is that Judge Swink acted entirely without jurisdiction, in any meaning of the term, and is, therefore, civilly liable in damages to the plaintiffs.

It is asserted that the Circuit Court of St. Francois County, in the person of Judge Swink, did not have jurisdiction of the persons of the appellants. But this assertion is not argued or elaborated upon unless the statements in their argument that "These plaintiffs were illegally brought before the defendant" or "The first day in Court they appeared by virtue of a citation. The second day their appearance in Court was enforced" are intended to mean that by reason of their enforced or illegally compelled appearances they did not voluntarily subject themselves to the court's jurisdiction and, therefore, there was in fact no jurisdiction of their persons. But, admittedly, "the defendant was the duly appointed, legally qualified and acting Judge of the Circuit Court of St. Francois County, Missouri." St. Francois County is a part of the Twenty-seventh Judicial Circuit (V.A.M.S.,

508

Secs. 478.073, 478.163), as a circuit court it is a court of record (V.A.M.S., Sec. 476.010), and it is a court of general jurisdiction (V.A.M.S., Sec. 478.070) invested with "the judicial power of the state." Const. Mo., Art. 5, Secs. 1, 14. The appellants, [871] together with their attorney, personally signed and filed, on the 5th day of February, the above noted response to the citation, no question was then raised as to the court's jurisdiction of their persons and they did appear in court, personally and with their attorney, and these unequivocal general appearances gave the court jurisdiction of their persons. Mahan v. Baile, 358 Mo. 625, 630-631, 216 S. W. (2) 92, 93-94.

The appellants, to demonstrate that the court did not have jurisdiction of the subject matter (83 C.J.S., p. 555), urge that the subject matter was the deputy clerk's salary. On the other hand, to demonstrate jurisdiction, the respondent urges that the subject matter was contempt, and the circuit court being a court of record with general jurisdiction, of necessity, had jurisdiction of the subject matter, namely contempt. V.A.M.S., Secs. 476.110, 476.130. The appellant county judges in support of their position urge that under the statutes relating to circuit clerks and their deputies the circuit judge's power and functions were not judicial but wholly ministerial. And, therefore, they argue, by analogy, that the rules of liability applicable to ministerial officers invested with some discretionary duty or some quasi-judicial function are applicable to the acts and conduct of Judge Swink. Illustrative of this class of cases, and a case which does not involve the conduct of a public officer, are Reed v. Conway, 20 Mo. 23, Pike v. Megoun, 44 Mo. 491, and Albers v. Merchants' Exchange of St. Louis, 138 Mo. 140, 39 S. W. 473. By demonstrating that Judge Swink's actions with reference to the deputy clerk's salary were wholly ministerial the appellants seek to establish that he acted "wholly without jurisdiction" and is therefore civilly liable to them in damages. Annotations 13 A.L.R. 1344, 1351; 173 A.L.R. 802, 808.

In part, the argument fails to precisely note the force and meaning of "ministerial" and "judicial " as applied to the duties and functions of a judge of a court of record. "But this distinction drawn between judicial and ministerial acts has no application to judges of superior courts of record, since all the acts of a judge of record, which he does as such, are, in reality, judicial; for the word 'judicial,' when applied to the acts of a judge of record, does not merely mean those acts done by him wherein his discretionary powers are involved, as contradistinguished from what are called his ministerial duties: the word rather means every act done by him in his judicial capacity as judge, while acting within his authority, and whether involving a greater or less degree of judgment." 15 Am. L. R. 427, 432. Also in part, the argument ignores the meaning and full significance of "jurisdiction" and "jurisdiction of the subject matter" when applied to the powers and duties of a court of record. Lange v. Benedict, 73 N. Y. 12. (The

better reasoned of the leading cases on the subject of the civil liability of judicial officers for false imprisonment are Lange v. Benedict and Chancellor Kent's opinion in Yates v. Lansing, 5 Johns. (N.Y.) 282.) But in our view the record and the resolution of this appeal do not of necessity compel a decision whether contempt or the deputy clerk's salary was the subject matter upon which the court in fact acted and had jurisdiction. But see and compare: Thompson. v. Farmers Exchange Bank, supra, and Yates v. Lansing, supra. It would seem, as a practical matter, that the thing or action that injured the appellants and of which they really complain is not the judge's raising the deputy's salary and ordering it paid but rather his sentencing them to jail for contempt.

The appellants contend, however, under the statutes relating to circuit clerks and their deputies (V.A.M.S., Sec. 483.345), particularly since the amendment in 1945 (Laws Mo. 1945, pp. 1527, 1532), that the circuit court had the power to approve the appointment and fix the compensation of the deputy and "to further designate the period of tenure." The order of the circuit court is required to be entered of record and a certified copy of the order filed with the county clerk, but, the appellants argue, once these acts are performed the circuit judge's power or duty in the matter ends and the only power then remaining in the [872] judge is the power to modify or rescind the order of appointment "and then everything is back where it started," and the force of the argument is that the circuit judge, therefore, did not have jurisdiction of the subject matter, or acted "wholly without jurisdiction," with the consequence that he is civilly liable in damages to the appellants. But as Judge Wolfe's opinion in the habeas corpus proceeding (Pogue v. Smallen, (Mo. App.) 238 S. W. (2) 20) suggests, the statutes relating to circuit clerks and their deputies (V.A.M.S., Secs. 483.015, 483.080, 483.140, 483.345 and 483.350) must be construed together. And, as that opinion points out, after quoting the statutes, "the order mentioned in the section is one *permitting* the clerk to appoint his assistants. The concluding clause provides that the circuit court may modify the order at any time, and this authority to modify the order is not limited, as the petitioners assert, to the mere tenure of office, but carries with it the right to modify the salary, for it is plain that the fixing of the salary is a part of the order permitting the appointment and there is nothing in the section to suggest that the right to modify the order shall be limited in any way." That opinion holds, and we think correctly so, that the county court was obliged to issue warrants to the deputy clerk for the salary specified by the circuit judge in the order permitting her appointment, and her increased salary was effective from the date of the order.

The decisive question in the habeas corpus proceeding was whether the county judges' refusal to comply with the order constituted contempt and it was held that it did not because there was no order

on the county court to pay the deputy, the only order was one authorizing an increase in salary of the deputy clerk ("I, J. O. Swink, Judge of the 27th Judicial Circuit * * * .do hereby authorize the salary of Julia F. Presnell, Deputy Circuit Clerk * * * be changed from $1,980.00 per year to $2,160.00 per year, effective January 1, 1951."), and after that order was made it became "functus officio, that is, the order was spent and the power of the court terminated in respect to it," subject to the circuit judge's right to modify it later if he saw fit. But, since the force of the order was spent, there was no valid order upon the appellants and they were not in contempt of Judge Swink's court for their refusal, or, in the words of the citation, "for disobeying the order of January 15th, 1951, increasing the salary of Julia F. Presnell."

While the St. Louis Court of Appeals discharged the appellants that court did not determine whether Judge Swink was civilly responsible for the acts complained of in these actions, he was not a party to that proceeding. Yates v. Lansing, 5 Johns. (N.Y.), l.c. 285; Lange v. Benedict, 73 N. Y., l.c. 31. The decision in that proceeding did not determine whether the "subject matter" of any of the proceedings before Judge Swink was contempt or the deputy's salary and it did not determine whether he had "jurisdiction" of the subject matter. However, the plain implication of the statutes and the opinion is that the Circuit Court of St. Francois County was not "wholly without jurisdiction" of the subject of the salary and tenure of the deputy circuit clerk. In "approving" the appointment of a deputy and her salary it is implied that a specific matter was submitted for decision and that action, of course, requires the exercise of judicial discretion and action as contrasted with a mere ministerial act of approval. 6 C.J.S., pp. 127, 129. Even in the absence of specific statutes upon the subject, courts of general jurisdiction have the inherent power to do all things reasonably necessary to preserve their existence and function as a court (State ex rel. Gentry v. Becker, 351 Mo. 769, 777, 174 S. W. (2) 181, 183), and have the power to appoint necessary attendants, including clerks and janitors. 14 Am. Jur., Sec. 22, p. 262; State ex rel. Howard v. Smith, 15 Mo. App. 412. The office of judge of a court of record with general jurisdiction invests the court and the judge holding the office with some attributes of sovereignty and necessarily presupposes commensurate detached responsibility of action on the part of the person occupying the exalted position. Bradley v. Fisher, 80 U. S. (13 Wall.) 335, 350, 20 L. ed. 646.

[873] The appellants do not question the fact of Judge Swink's having had jurisdiction of the subject of contempt (Thompson v. Farmers Exchange Bank, 333 Mo., l.c. 457, 62 S. W. (2), l.c. 811-812), even though, as the court of appeals held, they were not in fact "in contempt." Under the allegations of the petition, and the fact was, the defendant was the qualified and acting judge of the Circuit Court of St. Francois County and however rash and imprudent his

conduct, he did act in his official character and capacity as a judge of a court of record with general jurisdiction (Lange v. Benedict, 73 N. Y., l.c. 32-33; Bradley v. Fisher, supra), and whether the deputy's salary or contempt was the subject matter of any of the proceedings before him, he was not "wholly without jurisdiction." In these circumstances the difficulty with the appellants' basic theory of liability in these actions is their failure to carefully distinguish between acts "which exceed the officer's jurisdiction, and those performed by him entirely without jurisdiction." Annotation 13 A.L.R., l.c. 1355. It is in this respect that the plaintiffs' actions differ from the Ketcham cases (Manning v. Ketcham, 58 F. (2) 948; Ketcham v. Commonwealth, 204 Ky. 168, 263 S. W. 725; Ketcham v. Manning, 212 Ky. 325, 279 S. W. 344) in which a court of general jurisdiction, upon its own initiative, resolved itself into a "court of inquiry," haled a spectator, who was neither a witness nor a party to any proceeding, before the court and sentenced him for contempt upon his failure to answer questions propounded by the court, an illustration of truly "usurped" authority. But in these actions, as indicated, whether contempt or the deputy's salary was the subject matter, Judge Swink was not "wholly without jurisdiction" of the subject matter. Jurisdiction of the subject matter, in its broader sense, "is not confined within the particular facts, which must be shown before a court or a judge, to make out a specific and immediate cause of action; it is as extensive as the general or abstract question, which falls within the power of the tribunal or officer to act concerning. * * * The power to inquire and adjudge whether the facts of each particular case make that case a part of an instance of that general thing—that power is jurisdiction of the subject-matter." Lange v. Benedict, 73 N. Y., l.c. 27-28.

Although his action in sentencing the appellants for contempt was void, as the court of appeals held, it does not follow that he was "entirely without jurisdiction" so as to be civilly liable in damages to the plaintiffs. As stated, the court in the person of Judge Swink had jurisdiction of the persons of the appellants and jurisdiction of the subject matter even though he acted in excess of his jurisdiction. " 'Excess of jurisdiction,' as distinguished from the entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized, and therefore void, with respect to the particular case because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked." 30 Am. Jur., Sec. 47, p. 760; Ussery v. Haynes, 344 Mo. 530, 539, 127 S. W. (2) 410, 416. In the detailed circumstances set forth in the petitions the consequence is that Judge Swink acted in excess of his jurisdiction, not wholly without jurisdiction, and is, therefore, not civilly liable in damages to the appellants, and the trial court properly dismissed their actions with prejudice. In principle, as well as in the detailed

512

circumstances, these actions fall within the facts and the rules applied in the following cases: Thompson v. Farmers Exchange Bank, supra; Ussery v. Haynes, supra; Yates v. Lansing, supra; Lange v. Benedict, supra; Bradley v. Fisher, supra, and Waters v. Barclay, 57 Idaho 376, 64 Pac. (2) 1079. Accordingly the judgments in the consolidated actions are affirmed. *Bohling* and *Stockard, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.