**Elmer J. HOWE, Appellant,**

v.

**Eugene R. BROUSE, Respondent.**

**No. 53059.**

Supreme Court of Missouri,
Division No. 1.

April 8, 1968.

As Modified on Court's Own Motion for Re-
hearing or to Transfer to Court En
Banc Denied May 13, 1968.

Elmer J. Howe, Kansas City, pro se.

E. E. Thompson, Herbert C. Hoffman, Counselor of Kansas City, Mo., Dan G. Jackson, Asst. City Counselor, Kansas City, for defendant-respondent; Popham, Thompson, Popham, Trusty & Conway, of counsel.

IVAN LEE HOLT, Jr., Special Judge.

Plaintiff filed a petition alleging that he was arrested on a warrant issued by the Police Department of the City of Kansas City, Missouri, charging him with violating Section 39.330 Revised Ordinances of Kansas City, Missouri, on destruction of personal property, of the value of $1.60. He further alleged on June 6, 1964 he appeared on that charge in Division No. 2 of the Municipal Court of Kansas City, Missouri, before Defendant, then acting as Judge of that Division. On that date he alleged the case was continued, and on June 13th, the complainant appearing on neither setting, the Defendant dismissed the charge, discharged Plaintiff, and assessed $10 costs against him. An appeal was taken to the Circuit Court and the charge dismissed.

Plaintiff further plead some immaterial matters concerning Defendant's actions and that Defendant's action in assessing costs was "wholly and entirely without jurisdiction", arbitrary, willful, malicious, and illegal, causing him to be held in ridicule and contempt, and thereby damaged in his repu-

tation and business associations. The petition prayed $50,000 actual and $100,000 punitive damages, thus giving us jurisdiction.

Defendant filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted because Defendant's action was in the performance of his judicial function, and barred by the Statute of Limitations, Section 516.140, RSMo 1959. The trial court sustained that motion, overruled Plaintiff's Motion for a New Trial, and the appeal here followed.

Plaintiff vigorously and persistently has urged, and urges here, that Defendant's assessing costs against him after dismissing the charge and discharging him, was "wholly and entirely without jurisdiction." In this, we fear, the difficulty with his theory of liability is the same as that of the plaintiff's in Pogue v. Swink, 365 Mo. 503, 284 S.W.2d 868, on which he partly relies, l. c. 873, "failure to carefully distinguish between acts 'which exceed the officer's jurisdiction, and those performed by him entirely without jurisdiction.'" As we further said there l. c. 873: "* * * the court in the person of Judge Swink had jurisdiction of the persons of the appellants and jurisdiction of the subject matter even though he acted in excess of his jurisdiction. 'Excess of jurisdiction,' as distinguished from the entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized, and therefore void, with respect to the particular case because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked.' * * * [T]he consequence is that Judge Swink acted in excess of his jurisdiction, not wholly without jurisdiction, and is, therefore, not civilly liable in damages to the appellants, and the trial court properly dismissed their actions with prejudice * * *."

█ Plaintiff admits in his brief "that a judge, within his jurisdiction, even acting in excess of his jurisdiction is not liable in damages." So it is here. The Defendant

presiding in a court established pursuant to Article IX, Section 16, Constitution of Missouri, 1875, and Article XIII, Charter of Kansas City, Missouri, exercising the judicial power provided in Article V, Section 1, Constitution of Missouri, 1945, V.A.M.S., clearly had jurisdiction of a charge of violation of an ordinance of Kansas City, Missouri, and the Plaintiff who was charged with that violation. Having jurisdiction of the subject matter and person, any erroneous action taken by the Defendant could only be in excess of his jurisdiction and not a basis for an action of damages. The doctrine of judicial immunity was "solidly established at common law," adopted by the Supreme Court of the United States in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, and stated by that Court again lately to be "'not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, l.c. 1218, 18 L.Ed.2d 288. In that same case before certiorari, the United States Court of Appeals, 352 F.2d 213, l.c. 217, said, "The rule applies to city magistrates and municipal judges." For the rule on judicial immunity generally see 48 C.J.S. Judges, § 63 a and 30A Am.Jur., Judges, Sections 73 and 75.

█ The Plaintiff argues much that after the dismissal and his discharge the case was "dead." He does not question the Defendant's jurisdiction to order the dismissal and discharge, and of course if the Defendant had the power to make those orders, he also had the power to attempt to assess costs, though the attempt erroneous. In the "dead" connection he also likens his charge to a criminal one, but the cases he cites do not so hold, and in any event, orders of dismissal or discharge, once jurisdiction is validly acquired, are not that sharp a jurisdictional cut-off. Under the circumstances here the action of the Defendant was not entirely without jurisdiction, and hence he is not liable in damages for it.

Because of the views we have expressed on the first ground of Defendant's Motion to Dismiss, it is not necessary for us to consider the second. The order of dismissal of the learned trial judge, citing Pogue and Pierson supra, should be, and is, affirmed.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., not sitting.