STATE ex rel. William J. RAACK, Guardian ad Litem for Helene J. Weihl, an alleged incompetent, Relator,

v.

Hon. Louis M. KOHN, Judge of the Probate Division, St. Louis County Circuit Court, Respondent.

No. 68254.

Supreme Court of Missouri, En Banc.

Dec. 16, 1986.

William J. Raack, St. Louis, for relator.

Janet Papageorge, Chesterfield, for respondent.

WELLIVER, Judge.

Relator, William J. Raack, Guardian ad Litem for Helene L. Weihl, seeks a writ of prohibition against respondent, the Honorable Louis M. Kohn, to prohibit him from proceeding in The Matter of Helene L. Weihl, Estate No. 085646, pending in the Probate Division of the Circuit Court of St. Louis County, in which action relator seeks to intervene and disqualify respondent.

We have jurisdiction over this original proceeding in prohibition. Mo. Const. art. V, § 4; Rule 84.23. We now make absolute the preliminary rule in prohibition which we issued on June 17, 1986.

I

On June 10, 1985, in the dissolution action *Weihl v. Weihl,* St. Louis County Circuit Court, No. 498,428, relator was appointed Guardian ad Litem of Helene Weihl, whose funds had been commingled with those of her son, Robert Weihl, and those of her daughter-in-law, Linda Weihl, the parties to the dissolution action. Relator has continued to serve as Helene Weihl's Guardian ad Litem and currently holds approximately $475,000 of her funds. On December 30, 1985, Robert Weihl filed an application seeking to have Helene Weihl declared to be an incompetent and to have himself appointed as guardian of the person and of the estate. The application was set for a hearing before respondent on March 5, 1986, on which date relator filed a Motion to Intervene in the incompetency proceedings and a Motion to Disqualify Judge with respect to the Motion to Intervene and all subsequent proceedings. On March 5, 1986, respondent ordered that the Motion to Intervene be decided before consideration of the Motion to Disqualify Judge.

On March 13, 1986, relator sought a writ of mandamus from the Court of Appeals, Eastern District, which denied relator's petition on March 19, 1986. On May 21, 1986 relator received notice that the hearing on the Motion to Intervene had been scheduled for May 27, 1986. On the following day, May 22, 1986 relator served respondent a copy of the Petition for Writ of Mandamus which was filed in this court on May 27, 1986. Respondent proceeded with the hearing on the Motion to Intervene, despite relator's pending writ petition and despite relator' s nonparticipation of that hearing. On May 27, 1986, respondent denied relator's Motion to Intervene and dismissed relator's Motion to Disqualify Judge. On June 17, 1986, we considered the Petition for Writ of Mandamus as a petition for a writ of prohibition and we issued a preliminary rule in prohibition. On June 24, 1986, we ordered respondent to set aside his May 27, 1986, order denying relator's Motion to

Intervene and dismissing relator's Motion to Disqualify Judge and we ordered respondent to refrain from taking further actions in the matter.

## II

■ Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. *State ex rel. Hannah v. Seier,* 654 S.W.2d 894 (Mo. banc 1983); *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76 (Mo. banc 1974); *Kinsley v. State,* 448 S.W.2d 890 (Mo.1970); *State ex rel. W.A. Ross Const. Co. v. Skinker,* 341 Mo. 28, 106 S.W.2d 409 (1937). *See generally,* Note, *The Writ of Prohibition in Missouri,* 1972 Wash. U.L.Q. 511. A judge is without jurisdiction and a writ of prohibition lies if, upon proper application for disqualification, a judge fails to disqualify himself. *Matter of Buford,* 577 S.W.2d 809, 826 (Mo. banc 1979); *State ex rel. Musser v. Dahms,* 458 S.W.2d 865 (Mo. App.1970).

■ Section 472.060,[1] RSMo Cum.Supp. 1984, provides, in pertinent part, that "No judge of probate shall sit in a case in which he is ... biased or prejudiced against any interested party ... when any party in interest objects in writing ... and when objections are made, the cause shall be transferred to another judge ... who shall hear and determine same...." Here, the form and timeliness of the objection are undisputed. The principal issue is whether respondent, the judge sought to be disqualified, may determine whether relator, who seeks to disqualify respondent, should be allowed to intervene and gain the status of a "party in interest" with the adherent right to disqualify respondent. We find

this to be an issue of first impression in Missouri.

"[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced...." *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 639 (Mo.App.1971). For this reason, we have liberally construed disqualification provisions in favor of the right to disqualify. *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399 (Mo.App.1980). Allowing respondent to rule on relator's status as an intervenor, and consequently on relator's right to disqualify respondent, would, in essence, allow the judge to prevent his own disqualification. Respondent argues that, until and unless respondent grants relator's Motion to Intervene, relator has no standing to seek respondent's disqualification. However, this view places relator in a Catch–22 situation, in that relator can only seek to disqualify the judge whom he alleges is prejudiced against him after that allegedly prejudiced judge has ruled in his favor and allowed him to intervene. Respondent's view would essentially deprive prospective intervenors of a meaningful right to disqualify and thereby undermine the public confidence and the fundamental fairness which the legislature seeks to promote with the right to disqualify.

■ When relator, who claimed to be a "party in interest," made a proper and timely objection seeking disqualification of the judge under § 472.060, respondent should have followed the statutorily mandated procedure for disqualification and should have certified the case to another judge for determination. § 472.060; Rule

1. **472.060. Disqualification of judge**—No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affida-

vit; and when the objections are made, the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same; and the clerk shall deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such cause.

51.05(e)(2). Upon the filing of relator's objection seeking disqualification, respondent was without jurisdiction to hear and rule on any motions which did not precede that filing. *State ex rel. Musser v. Dahms,* 458 S.W.2d 865, 868 (Mo.App.1970); *cf. West v. Moran,* 586 S.W.2d 68 (Mo.App.1979); *Natural Bridge Development Co. v. St. Louis County Water Co.,* 563 S.W.2d 522 (Mo. App.1978). Since the Motion to Intervene was filed contemporaneously with Motion to Disqualify Judge, and cannot be said to precede it, the transferee judge will have the responsibility of ruling on relator's Motion to Intervene and the adherent right to disqualify respondent.

In order to remove even the slightest suggestion of judicial partiality, we declare respondent's order of May 27, 1986, and any subsequent orders, to be null and void and without jurisdiction and we make absolute our preliminary rule in prohibition of June 17, 1986.

### III

Relator seeks assessment of attorney's fees and costs against the respondent judge. A judge with subject matter jurisdiction has judicial immunity from all actions taken, even when acting in excess of his jurisdiction. *Howe v. Brouse,* 427 S.W.2d 467 (Mo.1968); *Pogue v. Swink,* 365 Mo. 503, 284 S.W.2d 868 (1956); *Keating v. Martin,* 638 F.2d 1121 (8th Cir.1980). Judicial immunity exists "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, [in] whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967), quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 350 n., 20 L.Ed. 646 (1872), quoting *Scott v. Stansfield,* 3 L.R.-Ex. 220, 223 (1868). We find no precedent for the assessment of attorney's fees and costs against a judge acting in his official capacity.

The writ of prohibition is made absolute.

All concur.