Terry Lee **NELSON**, Appellant,

v.

Gaylord **McDANIEL** and Norman
Williams, Respondents.

No. WD 47137.

Missouri Court of Appeals,
Western District.

Sept. 21, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied
Dec. 21, 1993.

Lewis Z. Bridges, Lake Ozark, for appellant.

Daniel R. Green, Jon E. Beetem, Jefferson City, for respondent McDaniel.

Jeremiah W. (Jay) Nixon, Atty. Gen., Bruce Farmer, Geoffrey Preckshot, Asst. Atty. Gen., Jefferson City, for respondent Williams.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

Terry Lee Nelson filed a civil rights suit against Norman J. Williams, former associate circuit judge of Miller County, and Gaylord McDaniel, former Miller County sheriff, contending that his jail sentence was illegally extended. The trial court granted summary judgment for both defendants on the basis of judicial immunity. We affirm.

On April 17, 1985, Nelson received a one-year sentence for writing bad checks. He served 15 days and was released on two years' probation. He violated probation by not paying restitution. The court extended probation on his representation that he would make restitution. When he did not, on October 21, 1985, the court revoked probation and ordered him to serve one year in jail with 15 days' credit. He was released on judicial parole on February 18, 1986, but, on July 14, 1986, the court issued a parole violation warrant. Nelson appeared before the court on February 25, 1987, in response to the warrant. He admitted violating the conditions of parole, and the court ordered him to serve the remainder of his sentence.

On March 9, 1987, the court ordered Nelson's immediate release. The court's docket sheet states, "Defendant allowed good time. Jail sentence satisfied. Defendant released."

Nelson sued the judge and sheriff, pursuant to 42 U.S.C. § 1983, for violating his due process rights. He asserted that his sentence had been satisfied on October 6, 1986.

The trial court granted summary judgment for Judge Williams and Sheriff McDaniel. The court explained in its docket sheet:

1) On [Defendant] Norman Williams' motion for summary judgment: There is no disputed issue of fact. [Plaintiff] claims that [defendant] Williams had no jurisdiction over [plaintiff] and therefore judicial immunity does not apply. Assuming [Plaintiff] is correct that [Plaintiff] had served his 1 yr. sentence & [defendant] Williams no longer had jurisdiction, *State ex rel. Raack v. Hon. Louis Kohn,* 720 S.W.2d 941 (Mo. banc 1986) holds that a judge with subject matter jurisdiction has judicial immunity from all actions taken, even when acting in excess of his jurisdiction. In *Raack* the court held that the respondent's actions were without jurisdiction but the court found the judge immune from damages, [attorney] fees & costs.

Therefore, court sustains the motion for summary judgment in favor of [defendant] Norman Williams on the basis that [defendant] is immune from liability & damages as the act was [within] the scope of his duties even if in excess of his jurisdiction.

2) [Defendant] Gaylord McDaniel: All acts alleged against [defendant] McDaniel occurred while he was the Sheriff of Miller County. [Defendant] Williams issued the warrant & [defendant] McDaniel acted on the warrant which was [within] the scope of his duties. [Defendant] McDaniel's actions are justified if [defendant] Williams actions are justified.

Therefore, motion to dismiss/motion for summary judgment sustained in favor of [defendant] McDaniels.

We agree with the trial court's analysis. ▮ Judge Williams acted in his capacity as a judge when he sentenced Nelson. So long as a judge does not act wholly without jurisdiction, judicial immunity protects him or her from liability. *Raack,* 720 S.W.2d at 941. When judicial immunity is at issue, jurisdiction is to be construed broadly. *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Nelson was on judicial parole when Judge Williams sentenced him to jail on February 25, 1987. Even if he incorrectly sentenced Nelson,[1] he did not act wholly without jurisdiction.

▮ The trial court also correctly assessed Nelson's claim against McDaniel. Judicial immunity protects a sheriff who is following a protected judge's orders. Nelson does not contest this, but he argues that the record does not establish that, in fact, McDaniel acted pursuant to Judge Williams' order.

We disagree. The verified docket sheet was in the record. Nelson did not contest the entry of February 25, 1987, in which Judge Williams ordered: "Probation revoked. Defendant ordered to serve balance of sentence."

All concur.

1. The state conceded during oral argument that the sentence was erroneous.