STATE of Missouri ex rel., Lantz
WELCH and Lantz Welch,
P.C., Relators,

v.

The Honorable Theodore B. SCOTT,
Senior Circuit Judge,
Respondent.

No. WD 60440.

Missouri Court of Appeals,
Western District.

Nov. 6, 2001.

Philip W. Bledsoe, Esq., Kansas City, for Relator.

Kirk T. May, Esq., Dean E. Nash, Esq., Kansas City, for Respondent.

Before THOMAS H. NEWTON, P.J., JAMES M. SMART, JR. and EDWIN H. SMITH, JJ.

THOMAS H. NEWTON, Presiding Judge.

## I. Factual and Procedural Background

This case stems from a lawsuit filed by Lantz Welch, attorney at law, and his law firm Lantz Welch, P.C. (Relators) against Timothy L. Brake and Timothy L. Brake, P.C., Grant Davis, Scott Bethune, Tom Jones, and Davis, Bethune & Jones L.L.C. Count I is a claim to enforce an arbitration agreement as to all the defendants. Count II is a claim for declaratory relief and quantum meruit with regard to professional services and attorney fees. In reviewing this case, it is important to distinguish between two groups of defendants. The first group of defendants consists of Timothy L. Brake and Timothy L. Brake, P.C.

(Brake). Brake signed a written contract in January of 1992 with Relators, which contained a provision mandating that disputes concerning matters covered by the contract be arbitrated. The second group of defendants is Grant Davis, Scott Bethune, Tom Jones, and Davis, Bethune & Jones L.L.C. (DBJ). DBJ was not a party to the contract with Brake mandating arbitration, and at no time did any of the DBJ defendants sign a contract requiring arbitration in the event of a dispute between Welch and Brake. DBJ had only an office sharing arrangement with Welch and Brake. Both sets of defendants left the Welch firm in order to work for other law offices. Relators then brought the lawsuit, seeking in count I an order compelling DBJ and Brake to arbitrate all of their disputes in a single arbitration. Brake does not deny the applicability of the arbitration provision as to him and his corporation. The contested issue is whether DBJ can be compelled to arbitrate. Count II in the petition is an alternative count designed to adjudicate Welch's claim to attorney fees in the event arbitration is not compelled.

On August 9, 2001, the case was assigned to the respondent, the Honorable Theodore B. Scott. Soon thereafter, Brake filed an Application to Compel Relators to arbitrate. Brake also filed a motion to dismiss count I of the petition. The Relators responded by urging that all parties be included in the arbitration. Brake and the Relators also told Judge Scott that the issue could be decided on the pleadings and briefs filed by the parties without a hearing.

Subsequently, on August 31, 2001, the trial court ruled that arbitration should proceed between Welch and Brake. Judge Scott reserved ruling on Welch's motion to compel arbitration between Welch and the DBJ defendants. It was the trial court's opinion that the issue of arbitration as to DBJ would have to be litigated before a final ruling could be made.

On September 5, 2001, Relators filed an application for change of judge pursuant to Rule 51.05[1]. The trial court denied this motion in its order of September 14, 2001. In denying the motion, the trial court stated that it was untimely under Rule 51.05. In particular, it was found that the trial court's order, mandating arbitration between Welch and Brake, and taking under advisement that issue as to the other defendants, prohibited the Relators' request for a change of judge.

Relators seek a temporary and permanent writ of prohibition ordering a change of judge under Rule 51.05. The parties in this appeal filed extensive and thorough briefs and pleadings for this court to review. After reviewing those documents, we conclude that a decision can be made without any further briefing or argument.

## II. Legal Analysis

It is argued by the Relators that the trial court erred as a matter of law when it denied its motion for change of judge under Rule 51.05(b). Rule 51.05(a) states that a "change of judge *shall* be ordered in any civil action upon the timely filing of a written application therefor by any party." (emphasis added). Rule 51.05(b) further states the requirements for a timely application of a change of judge are as follows:

> The application must be filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer. If the

---

1. All rule references are to Missouri Supreme Court Rules (2001) unless otherwise indicated.

designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.

There is no dispute between the parties as to whether Relators filed their application for change of judge within the thirty-day period, as required by Rule 51.05(b). Judge Scott was designated as the trial judge on August 9, 2001, and Relators filed their motion for change of judge on September 5, 2001, which was less than "thirty days from the designation of the trial judge."

Accordingly, the resolution of this dispute turns on determining whether, as stated in the second sentence of Rule 51.05(b), a "trial" occurred at any time after this matter was assigned to Judge Scott. If it is determined that a trial has occurred, the motion for change of judge was properly denied by Judge Scott and the writ sought will be denied because, as Rule 51.05(b) states, "the application must be filed prior to any appearance before the trial judge," and any such trial would certainly constitute an appearance before the trial judge.

The Respondents argue that because Relators submitted a substantive issue for determination to the court, and by actually receiving a ruling on the issue of arbitration, a "trial" in fact occurred under Rule 51.05. They contend that the final ruling on the issue of arbitration constituted a "trial" because the issue of arbitration was, therefore, being "tried" by the court. Accordingly, so the respondents' argument goes, the merits of that claim were then disposed of, preventing any future litigation or trial from ever occurring.

The Supreme Court of Missouri recently decided the issue of what constitutes a "trial" under Rule 51.05 in *State ex rel. Cohen v. Riley*, 994 S.W.2d 546 (Mo. banc 1999). In *Riley*, the Court granted Rela-

tors' writ requesting a change of judge after determining that under Rule 51.05 no "trial" had occurred. *Id.* at 548–49. This conclusion that no "trial" had occurred was made notwithstanding the fact that the trial court heard oral arguments and witness' testimony before issuing a preliminary injunction. *Id.* at 547.

Here, as in *Riley*, the process that the trial court traversed in this matter does not resemble a "trial" within the meaning of Rule 51.05. A primary reason for the Court's determination in *Riley* that the proceedings at the trial court did not constitute a "trial" was that the trial court did not rule on the substantive issues in the case, but rather only on whether to grant a preliminary injunction. *Id.* at 548. Likewise, in this case, the trial court did not rule that DBJ would not be compelled to participate in arbitration with Welch. It reserved judgment on that issue, believing that further litigation would be necessary to resolve that issue.

In essence, the only ruling the trial court actually made in this matter was granting Brake's Application to Compel Arbitration between Brake and Welch. The order read, in pertinent part, as follows:

1. Timothy L. Brake's And Timothy L. Brake, P.C.'s Application To Compel Arbitration with Lantz Welch and Lantz Welch, P.C. is hereby GRANTED.

2. Lantz Welch and Lantz Welch, P.C. are hereby ORDERED to forthwith begin the process and then the *arbitration as agreed to* by Lantz Welch, Lantz Welch, P.C., Timothy L. Brake, and Timothy L. Brake, P.C. (emphasis added)

This application by Brake to compel arbitration between Brake and Welch was not contested. The issue in dispute concerned

whether DBJ should be included in the arbitration. Neither side disputed that the written contract between Welch and Brake mandated arbitration. Because the ruling by the trial court settled no issue in dispute between any party to this litigation, its order cannot be considered a substantive trial on the merits.

Respondents further argue that granting a change of judge motion after the trial court has ruled on such an issue will encourage parties to "peek and run," allowing litigants to shop for the most favorable tribunal. This concern is legitimate. However, the Missouri Supreme Court in *Riley*, in interpreting its own rule, recognized a strong "countervailing interest in the liberal allowance of one change of judge as of right." 994 S.W.2d at 548. The Court reiterated the principle which it has consistently held to be a fundamental tenet of a fair trial:

> No system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompe-

tent or prejudiced. For this reason, we have liberally construed disqualification provisions in favor of the right to disqualify.

*Id.* at 548–49 (quoting *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986)). We conclude *Riley* requires that we hold that Relators' motion for change of judge should be granted.[2]

### III. Conclusion

For the foregoing reasons, we grant Relators' petition for a permanent writ of prohibition. This case is remanded to the trial court for proceedings not inconsistent with this opinion.

JAMES M. SMART, Jr., Judge and EDWIN H. SMITH, Judge, concur.

---

**2.** On October 4th, 2001, Brake filed a motion to modify the stay order issued by this Court on September 19, 2001. It is argued by Brake that this stay has had the effect of stalling the trial court's August 31, 2001 order for Brake and Welch to proceed in the arbitration process. Because of our ruling today, this motion is denied as moot.