

# Missouri Court of Appeals

### Southern District

### Division Two

DORIS JEAN STALNACKER,  )
　)
　　Appellant,  )
　)　No. SD36954
vs.  )
　)　**FILED: July 29, 2021**
JUDGE DAVID DOLAN  )
　)
　　Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable Judge John H. Bloodworth

**AFFIRMED**

Doris Jean Stalnacker ("Stalnacker") appeals the trial court's dismissal of her civil suit seeking damages against Judge David Dolan ("Judge Dolan") for false imprisonment. Stalnacker's petition alleged that Judge Dolan was a circuit court judge and presided over a case in which Stalnacker was charged with a criminal offense and was placed on probation.[1] In that case, Judge Dolan erroneously ordered that "[n]o earned compliance credit ("ECC") in this case will be allowed[,]" revoked Stalnacker's

---

[1] This criminal case is **State v. Doris J. Stalnacker**, Case No. 08MI-CR00080-01.

probation, and ordered her sentence to be executed *after* the probation period had expired. As a result, Stalnacker served 26 months in the Missouri Department of Corrections before a habeas court ordered that Stalnacker be released from confinement.[2] Stalnacker sued Judge Dolan for false imprisonment, seeking $2,000,000 in damages, and alleged that Judge Dolan "lacked authority and jurisdiction" when he disallowed ECCs, revoked her probation, and ordered her sentence to be executed after her term of probation had expired.

Judge Dolan filed a motion to dismiss for failure to state a claim upon which relief could be granted, arguing that Stalnacker's petition was barred by the doctrine of judicial immunity. The trial court granted Judge Dolan's motion, finding Stalnacker's claim against him was barred by the doctrine of judicial immunity. Stalnacker appeals this judgment.

Stalnacker raises two points on appeal. In point 1, Stalnacker claims the trial court erred in dismissing her petition for failure to state a claim because the petition alleged facts that, if true, establish that Judge Dolan was not entitled to the affirmative defense of judicial immunity. In point 2, Stalnacker claims the trial court erred in dismissing the petition for false imprisonment by ruling Judge Dolan "was a Circuit Judge who regularly oversaw probation matters" and "had jurisdiction to decide probation matters" because there were no such allegations in the petition which was dismissed. Finding no merit in either of Stalnacker's points, we affirm.

---

[2] The Western District of this Court affirmed the habeas court's judgment and held "[t]he court lacked the authority to revoke Stalnacker's probation here, because the term ended in 2014." **State ex rel. Hawley v. Chapman**, 567 S.W.3d 197, 205 (Mo. App. W.D. 2018).

## Discussion

Both of Stalnacker's points challenge the trial court's dismissal of her petition. We apply *de novo* review to the trial court's grant of a motion to dismiss. *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015). "In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *Id.* Judge Dolan's motion to dismiss alleged that Stalnaker failed to state a claim because her claim was barred by the affirmative defense of judicial immunity.

When addressing an affirmative defense raised in a motion to dismiss, courts may consider only the facts contained in the petition. *Murray-Kaplan v. NEC Ins., Inc.*, 617 S.W.3d 485, 491 (Mo. App. E.D. 2021). A trial court may dismiss a petition based on an affirmative defense only if the face of the petition clearly and without exception establishes the failure of that cause of action. *Id.* A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Wyman v. Missouri Dept. of Mental Health*, 376 S.W.3d 16, 18 (Mo. App. W.D. 2012). We review the petition in an almost academic manner to determine if the facts alleged satisfy the elements of a recognized cause of action. *Id.* In doing so, we treat plaintiff's averments as true and liberally grant the plaintiff all reasonable inferences. *Id.*

## Point 1

In point 1, Stalnaker argues the trial court erred in dismissing her petition for failure to state a claim upon which relief can be granted because she alleged facts which, if true, establish that Judge Dolan was not entitled to judicial immunity because Judge Dolan acted without jurisdiction. Stalnaker's argument fails because it ignores

3

the distinction between actions taken "in excess of [authority]" and actions taken "wholly without jurisdiction."[3]  Even if we treat every allegation in Stalnacker's petition as true, Stalnacker cannot recover because her petition demonstrates that Judge Dolan had *subject matter* jurisdiction to decide probation revocation cases, and thus, the doctrine of judicial immunity applies to shield him from liability.

Missouri has long recognized the doctrine of judicial immunity.  ***Howe v. Brouse***, 427 S.W.2d 467, 468 (Mo. 1968).  This immunity is absolute and protects "[c]onduct which is 'intimately associated with the judicial phase' of the judicial process."  ***Bugg v. Rutter***, 466 S.W.3d 596, 603 (Mo. App. W.D. 2015) (quoting ***White v. Camden Cnty. Sheriff's Dep't***, 106 S.W.3d 626, 633 (Mo. App. S.D. 2003).  "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities."  ***Butz v. Economou***, 438 U.S. 478, 511, 98 S. Ct. 2894, 2913, 57 L. Ed.2d 895 (1978).

> This immunity applies even when the judge is accused of acting maliciously and corruptly[.] . . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

***Pierson v. Ray***, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967).  "Missouri courts have embraced these propositions of law wholeheartedly."  ***Long v. Cross Reporting Serv., Inc.***, 103 S.W.3d 249, 253–54 (Mo. App. W.D. 2003).

---

[3] We have replaced the word "jurisdiction" with "authority" where courts have used the term "jurisdiction" in cases that "do not question the court's subject matter or personal jurisdiction and really go to the court's authority to render a particular judgment in a particular case." ***J.C.W. ex rel. Webb v. Wyciskalia***, 275 3d 249, 254 (Mo. banc. 2009) (stating "the courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction") (internal citations and quotations omitted).

Judicial immunity applies as long as a "judge does not act wholly without jurisdiction" *Id.* (quoting *Nelson v. McDaniel*, 865 S.W.2d 747, 748 (Mo. App. W.D. 1993)). In deciding if judicial immunity applies, we construe jurisdiction broadly. *Id.* Missouri courts have held that "[a] judge with *subject matter* jurisdiction has judicial immunity from all actions taken, even when acting in excess of his [authority]." *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 944 (Mo. banc 1986); *Long*, 103 S.W.3d at 253 (emphasis added).

"Subject matter jurisdiction is simply a matter of 'the court's authority to render a judgment in a particular category of case.'" *Ground Freight Expeditors, LLC v. Binder*, 359 S.W.3d 123, 126 (Mo. App. W.D. 2011) (quoting *State v. Molsbee*, 316 S.W.3d 549, 552 (Mo. App. W.D. 2010). "Subject matter jurisdiction is governed by article V of the Missouri Constitution." *J.C.W.*, 275 S.W.3d at 252. "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.'" *Id.* at 253.

*Howe* is on point. There, a plaintiff filed a civil suit against a municipal judge alleging that the judge's assessments of costs to him were "wholly and entirely without jurisdiction[.]" 427 S.W.2d at 467. The municipal judge filed a motion to dismiss for failure to state a claim because his action was in the performance of his judicial function and barred by the statute of limitations. *Id.* at 468. The trial court sustained the motion to dismiss. *Id.* The Supreme Court of Missouri, in affirming the trial court's grant of the judge's motion to dismiss, observed a distinction between acts "which exceed the officer's [authority], and those performed by him entirely without jurisdiction." *Id.*

5

> "Excess of [authority]," as distinguished from *the entire absence of jurisdiction*, means that the act, although within the general power of the judge, is not authorized, and therefore void, with respect to the particular case because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked.

*Id.* (quoting ***Pogue v. Swink***, 284 S.W.2d 868, 873 (Mo. 1955) (emphasis added).

Because the municipal judge in ***Howe*** was presiding in a court established pursuant to the Missouri Constitution and was exercising judicial power provided therein, he had jurisdiction for purposes of judicial immunity. ***Id.***

In a factually similar case, the Western District of this Court affirmed the trial court's grant of a motion to dismiss finding judicial immunity applied to a judge who erroneously revoked probation and sentenced a defendant. ***Nelson,*** 865 S.W.2d at 747. The Western District found "a judge with subject matter jurisdiction has judicial immunity from all actions taken, even when acting in excess of his [authority]." ***Id.*** at 748. "[The judge] acted in his capacity as a judge when he sentenced [the plaintiff]. . . . Even if [the judge] incorrectly sentenced [the plaintiff], he did not act wholly without jurisdiction." ***Id.***

***Howe*** and ***Nelson*** guide our analysis. Stalnacker's petition alleged that Judge Dolan was a circuit court judge in Missouri who wrongfully revoked her probation and ordered execution of her 15-year sentence. Stalnacker's allegations, if true, demonstrate Judge Dolan acted in excess of his authority but not wholly without jurisdiction since he had subject matter jurisdiction over probation revocation matters and was acting in his capacity as a judge when he exceeded his lawful authority in revoking Stalnaker's probation. Point 1 is denied because Stalnacker's petition, taken on its face, has failed to state a claim upon which relief may be granted against Judge Dolan.

6

## Point 2

Point 2 fails for similar reasons. In point 2, Stalnacker claims the trial court erred in dismissing the petition for false imprisonment by finding that Judge Dolan "was a Circuit Judge who regularly oversaw probation matters" and "had jurisdiction to decide probation matters" because there were no such allegations in the petition. Stalnacker's argument fails because she overlooks the fact that she alleged in her petition Judge Dolan was a Missouri circuit court judge and was acting as such when he erroneously revoked her probation and ordered her sentence to be executed. The finding she contests—that Judge Dolan "had jurisdiction to decide probation matters"—is *a legal conclusion* based on her factual allegation. "[W]here, as here, the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law[.]" ***Missouri Soybean Ass'n v. Missouri Clean Water Comm'n***, 102 S.W.3d 10, 22 (Mo. banc 2003). Because Stalnacker alleged Judge Dolan was a Missouri circuit court judge, it was not an error for the trial court to make the *legal conclusion* that Judge Dolan had subject matter jurisdiction pursuant to Article V, Section 14 of the Missouri Constitution to decide probation matters. Point 2 is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. - CONCURS