STATE of Missouri, Respondent,

v.

Ben STOVALL, Appellant.

No. 56746.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1990.

Steven M. Davis, Hillsboro, for appellant.

William Lyman Johnson, Hillsboro, for respondent.

CRIST, Judge.

Defendant appeals his conviction, following a bench trial, for driving while his license was revoked. Before trial, the judge had refused to disqualify himself. We reverse and remand.

The prosecutor charged defendant by information with Operating a Motor Vehicle while his Drivers License was Revoked. § 302.321, RSMo 1986. On January 26, 1989, the first date set for trial, defendant entered a plea of guilty to the amended charge of Driving Without a Valid License. § 302.020, RSMo 1986. The trial judge refused to accept the plea and reset the case for trial on February 16, 1989.

Defendant immediately filed a request for a change of judge under Rule 32.07. The motion, filed on January 26, twenty-one days before the new trial date, was denied. On February 16, the trial judge still refused to disqualify himself. He allowed the State to withdraw its amended charge over defendant's objection. The trial was held on the original charge and defendant was found guilty.

Defendant claims he was entitled to a change of judge because his request was timely filed pursuant to Rule 32.07. The State has not filed a brief.

A timely request for a change of judge under Rule 32.07 leaves the trial judge without discretion. He must disqualify himself. *State v. Hornbuckle*, 746 S.W.2d 580, 584[1] (Mo.App.1988). Rule 32.07(b) states: "In misdemeanor cases the application [for a change of judge] must be filed not later than ten days before the *date set for trial*." (Emphasis added.) The question in this case is which date, January 26 or February 16, is the "date set for trial" as contemplated by the rule.

The timeliness of the motion must be considered with respect to the date of the actual trial regardless of any continuances. *Harmon v. Schultz*, 723 S.W.2d 945, 947 (Mo.App.1987) (applying prior Rule 51.05(b)). The term "trial" has been interpreted to mean "trial on the merits." *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 347[22] (Mo.App.1983). A guilty plea has been considered a "trial" when accepted by the trial court. *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194, 195 [2] (Mo.App.1979). *See Fraijo v. Superior Court*, 34 Cal.App.3d 222, 109 Cal. Rptr. 909 (1973); *Smith v. Municipal Court*, 71 Cal.App.3d 151, 139 Cal.Rptr. 121 (1977).

Here, the "trial on the merits" was held on February 16, 1989. While it is true a trial was set for January 26, no "trial on the merits" took place because the plea was rejected. Therefore, defendant's request for a change of judge was timely filed more than ten days before the "date set for trial," February 16, 1989. The trial judge should have disqualified himself. Rule 32.07(e).

Reversed and remanded for a new trial.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.