**STATE of Missouri ex rel. CARDINAL REALTY SERVICES, INC., Relator,**

v.

**Honorable Joseph SCHOEBERL, Associate Circuit Judge of Jasper County, Missouri, Respondent.**

No. 20470.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 1996.

Brent D. Green, Evans & Green, Springfield, for relator.

No appearance for respondent.

*ORIGINAL PROCEEDING
IN PROHIBITION*

SHRUM, Chief Judge.

Relator, Cardinal Realty Services Inc., seeks a writ of prohibition to disqualify Respondent, the Honorable Joseph Schoeberl, from proceeding in a civil case pending in the Circuit Court of Jasper County, Associate Division. On October 3, 1995, this court issued a preliminary order in prohibition.

At issue is which change of judge rule or law governs in this case: Rule 51.05(b) as Respondent found, or § 517.061 as Relator contends.[1] We conclude that § 517.061 is the applicable law. Under that statute, Relator's "Application For Change of Judge" was timely; consequently, we make the preliminary order of prohibition absolute.

**FACTS**

The underlying civil suit was an action on a promissory note brought by Relator against F. Wendell Pence, M.D., and originally filed in an associate division of the Greene County Circuit Court. On a change of venue, the case was transferred on April 19, 1995, to the Circuit Court of Jasper County, Associate Division IV, where it is now pending.

The docket sheet shows that on August 7, 1995, Respondent set the case for trial on September 1, 1995. On August 10, 1995, Relator filed its application for change of judge. Respondent denied that motion on August 17, 1995, citing Rule 51.05(b) as his authority for denial.

Relator then filed its petition with this court, requesting that we prohibit Respondent from taking any further action in the Pence case other than sustaining the request for a change of judge. We issued a preliminary order.

By his October 23, 1995, answer to Relator's petition, Respondent, here represented by Pence's attorney, admitted "the facts contained in [Relator's] Petition in Prohibi-

tion."[2] However, Respondent's answer denied "that Relator is entitled to the relief sought herein for the reason that Supreme Court Rule 51.05(b) provides that a change of judge 'must be filed within 30 days after the answer is due to be filed if the trial judge is designated at the time the answer is due.'" Continuing, Respondent answered that "[t]he application for [change of] trial judge was not timely filed since the application ... was filed at a time later than 30 days after the answer was due...."

**DISCUSSION AND DECISION**

"Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943[1] (Mo. banc 1986). A trial judge lacks jurisdiction and prohibition lies if the judge fails to disqualify himself upon proper application for disqualification. *Id.* at 943[2].

"In both criminal cases and civil actions, the right to disqualify a judge is 'one of the keystones of our legal administrative edifice.'" *State ex rel. Mountjoy v. Bonacker,* 831 S.W.2d 241, 244[2] (Mo.App.1992) (quoting *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980)). "'[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced....'" *Raack,* 720 S.W.2d at 943 (quoting *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 639–40 (Mo.App.1971)). This crucial need for public confidence in the judicial system requires us to liberally construe statutes and rules in favor of the right to disqualify. *Raack,* 720 S.W.2d at 943. Consequently, it is not surprising that the right of a litigant to disqualify a judge has been described as "virtually unfettered." *Medawar v. Gaddis,* 779 S.W.2d 323, 326[1] (Mo.App.1989).

The time limits set forth in Rule 51.05 were applied by Respondent in declaring Re-

---

1. References are to RSMo 1994 and Missouri Rules of Civil Procedure 1994, unless otherwise indicated.

2. Although Pence's lawyer filed an answer to Relator's petition, no brief has been filed on behalf of Respondent.

lator's application for a change of judge untimely.[3] Relator contends that Respondent erred in relying on Rule 51.05(b) because this is a case pending in an associate circuit division and accordingly, § 517.061 governs its application. Based on that premise, Relator claims its change of judge request was timely.

To support its argument, Relator first points to Rule 41.01(d), which reads in pertinent part: "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 *except where otherwise provided by law.*" (Emphasis ours.) Continuing, Relator argues that for those cases "pending in the associate circuit division," a different time limit for filing a change of judge motion is "otherwise provided by law," specifically § 517.061, which reads:

> "Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial."

We find Relator's argument persuasive. As explained by our supreme court, "Rule 41.01[ (d) ] expresses a judicial deference to legislative enactments establishing specialized procedures for actions before associate circuit divisions." *Exchange National Bank of Jefferson City v. Wolken,* 819 S.W.2d 45, 48 (Mo. banc 1991), *cited with approval in Rahman v. Matador Villa Associates,* 821 S.W.2d 102, 103 (Mo. banc 1991); *KMS, Inc. v. Wilson,* 857 S.W.2d 525, 527 n. 4 (Mo.App.1993). As this case was originally filed and remained pending before "associate circuit judges," all "legislative enactments establishing specialized procedures for actions before associate circuit divisions" should have been applied here. *Exchange National Bank,* 819 S.W.2d at 48; § 517.011[4]; § 517.021[5].

We hold that under the provisions of Rule 41.01(d) and §§ 517.021 and 517.061, the legislature established a time frame different than the one prescribed by Rule 51.05(b) for Relator to file its application for change of judge. The record before this court shows that the case was not tried on the return date of the summons, but rather, was continued. The record also reveals that in accordance with § 517.061, both parties had at least fifteen days notice of the new setting, i.e., September 1, 1995. Consequently, any change of judge motion filed not later than

---

3. Rule 51.05 provides, in part:

"(a) A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor....

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil action. If the trial judge is not designated at the time the answer is due or, if no answer is due, within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

....

(e) Upon the presentation of a timely application for change of judge, the judge promptly shall sustain the application...."

4. In pertinent part, § 517.011 reads:

"1. The provisions of this chapter shall apply to the practice and procedure in civil cases originally filed before associate circuit judges in hearing and determining the following cases or classes of cases:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money ... founded upon contract ... when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars....

2. The provisions of this chapter shall not apply to the practice and procedure before associate circuit judges in hearing and determining cases, *except as provided in subsection 1 of this section.*" (Emphasis added.)

5. § 517.021 provides: "The rules of civil procedure shall apply to cases or classes of cases to which this chapter is applicable, *except where otherwise provided by. law.*" (Emphasis added.)

August 28, 1995,[6] would have been timely. Since Relator filed its application on August 10, 1995, it was not untimely. Respondent's reliance on Rule 51.05(b) was misplaced.

Relator's application complied with § 517.061, and as stated previously, was timely. Respondent should have promptly sustained the application for change of judge. This court's preliminary order in prohibition of October 3, 1995, is made absolute. Since Respondent was without authority to overrule Relator's application, Respondent is prohibited from taking any further action in the underlying case, except to promptly sustain Relator's application for change of judge. The cause is remanded for that limited purpose.

CROW and PARRISH, JJ., concur.

---

6. August 27, 1995, 5 days before trial, fell on a Sunday.