**STATE ex rel. Traci STUBBLEFIELD, Relator,**

v.

**The Honorable Carol Kennedy BADER, Juvenile Judge, Twenty–Third Judicial Circuit of Missouri, Respondent.**

No. SC 83858.

Supreme Court of Missouri, En Banc.

Feb. 13, 2002.

Nicholas G. Gasaway, Bianca L. Eden, Hillsboro, for relator.

Theodore R. Allen, Jr., Susan K. Nuckols, Hillsboro, for respondent.

PER CURIAM.

Traci Stubblefield filed an application for change of judge to conduct the trial of

**27.** 267 S.W. 322, 324–25 (Mo.1924).

a petition to determine custody of her children. The application was filed on the same day as an order was entered setting the case for trial. However, previous hearings involving the children had been held. The judge denied the application. Stubblefield filed a petition in this Court seeking to require a change of judge. Because the application for change of judge was timely filed, the preliminary writ of prohibition is made absolute.

■ The division of family services sought custody of Stubblefield's children. A temporary custody order was entered on February 15, 2001. Stubblefield received a summons that a "protective custody hearing" would be held on February 22. With the summons, she received a notice indicating that the "hearing" "may set over to a later time at your request" if there was a good reason for the request. The notice also specified that if, at the "first hearing" the allegations in the petition were denied, the court "may set this case for trial at a later date."

After the February 22 protective custody hearing, an order issued setting the "first hearing" on the petition for April 30. At the April 30 hearing, Stubblefield denied the allegations of the petition and filed a written request for "trial setting." On the written request, the judge wrote that the cause was "set for trial" on August 20. Also on April 30, Stubblefield filed her application for change of judge, which was denied.

■ The right of a party to disqualify the judge is one of the keystones of our legal administrative edifice, and our courts, therefore, adhere to a rule of liberal construction in favor of the right to disqualify. *State ex rel. Horton v. House,* 646 S.W.2d 91, 93 (Mo. banc 1983). A trial judge lacks jurisdiction and prohibition lies if the judge fails to disqualify upon proper application for disqualification. *State ex rel.*

*Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).

For purposes of this case, Rule 126.01b requires an application for change of judge to be filed "within five days after a trial date has been set." In civil cases, a change of judge is governed by Rule 51.05. In *State ex rel. Cohen v. Riley,* 994 S.W.2d 546, 548 (Mo. banc 1999), the Court was required to determine what the term "trial" meant. *Cohen* involved a proceeding for injunction. At the hearing for a preliminary injunction, evidence was offered. After the hearing, an application for change of judge was filed. The application was timely if filed "prior to any appearance before the trial judge." This Court held that "trial" meant trial on the merits. *Id.* at 548. The presentation of evidence did not convert the hearing into a trial.

Similarly, Rule 32.07(b) (1990) required an application for change of judge in a misdemeanor case to be filed not later than "ten days before the date set for trial." In *State v. Stovall,* 784 S.W.2d 852 (Mo.App.1990), the trial was scheduled for January 26, 1989. On that date, the defendant attempted to plead guilty. The judge refused the plea and rescheduled the trial for February 16. Stovall filed an application on the same day. The application was denied. The court concluded that the application was timely because it was filed not later than ten days before the date set for trial on the merits. *Id.* at 853.

In this case, until Stubblefield's request for trial setting was ruled on April 30, the trial on the merits was not set. On that date, the request for trial setting was ruled, and the judge specifically set the trial for August 20. An application for change of judge filed on the same day the case is set for trial on the merits is timely.

Respondent's reliance on *In the Interest of M.S.M.,* 666 S.W.2d 800 (Mo.App.1984),

is misplaced. The opinion does note that the time for filing the application for change of judge in that case began with the issuance of the summons. *Id.* at 804. However, the summons contained the date of the trial, which was held on the date contained in the summons. Properly understood, the case simply indicates that the trial date was set in the summons.

To the extent *In Interest of A. H.*, 963 S.W.2d 374, 382–83 (Mo.App.1998), holds that a rescheduling of the trial date does not affect the time within which an application for change of judge must be filed, it is overruled.

The preliminary writ is made absolute.

All concur.