**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Dennis BELL, Defendant/Appellant.**

**No. ED 81468.**

Missouri Court of Appeals,
Eastern District,
Division V.

Sept. 10, 2002.

Dennis Bell, Warrenton, MO, appellant, Pro Se.

Michael S. Wright, Pros. Atty., Warren County, Warrenton, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Dennis Bell, the defendant, appeals from orders denying his motion to disqualify the circuit judge, denying his motion for change of venue, and appointing Associate Circuit Judge Linda Hamlett. Because there is no final, appealable judgment to invoke this court's jurisdiction, we dismiss the appeal.

There is no right to an appeal without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, a defendant may only appeal in "all cases of final judgment rendered upon any indictment or information." Section 547.070, RSMo 2000. In addition, a criminal judgment is final for purposes of appeal when the judgment and sentence are entered. *State v. Welch,* 865 S.W.2d 434, 435 (Mo.App. E.D.1993).

Here, the defendant has never been convicted of a crime and no judgment and sentence have been entered. Rather, he is attempting to appeal from various interlocutory orders entered in his criminal case, which is still pending in the circuit court. Without a final, appealable judgment, this court is without jurisdiction.

We have a responsibility to examine our jurisdiction *sua sponte. Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D.2001). We directed the defendant to show cause why this appeal should not be dismissed. In his response to the order, the defendant offered no statutory authority to support his appeal. Instead, he asserts it is necessary for this court to review the circuit court's rulings to protect his rights. We note that there may be a method to review a ruling on the disqualification of a judge, but appeal without a final judgment is not one of them. *See, e.g., State ex rel. Stubblefield v. Bader,* 66 S.W.3d 741 (Mo. banc 2002) (review by petition for writ of prohibition).

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.