STATE of Missouri, ex rel. L. B., Relator,

v.

Honorable Thomas J. FRAWLEY, Judge, Division 30, Circuit Court of the City of St. Louis, Missouri, Respondent.

No. ED 84419.

Missouri Court of Appeals, Eastern District, Writ Division Three.

June 1, 2004.

Mary D. Fox, University City, MO, for appellant.

Sharon Esters–Thames, St. Louis, MO, for Natural Father.

Mary Z. Taylor, St. Louis, MO, for Guardian ad Litem.

Margaret E. Gangle, St. Louis, MO, for respondents.

MARY R. RUSSELL, Presiding Judge.

L.B. ("Mother") filed a petition for prohibition seeking to require a change of judge in a juvenile proceeding. Because her application for change of judge was timely filed, the preliminary writ of prohibition is made absolute.

The Juvenile Officer of the St. Louis City Juvenile Division of the Family Court filed a petition on April 7, 2004, alleging Mother's son, P.B., came within the provisions of section 211.031 RSMo 2000. A protective custody hearing was held the next day and Judge Thomas Frawley ("Respondent") ordered P.B. to be in the protective custody and legal custody of the Department of Social Services, Children's Division. The case was continued to April 22 for a status conference, but no trial setting was made. On April 13, Mother filed a motion to disqualify the guardian ad litem, which was denied. On the same day, she filed a motion for a change of judge pursuant to Rule 126.01(b).

Rule 126.01(b) states, "The application [for change of judge] must be filed within five days after a trial date has been set . . .".

Respondent denied the motion for change of judge, and Mother now seeks relief in our Court. We issued a preliminary writ as to only her claim regarding the denial of the change of judge motion.[1]

---

1. Mother's request for a writ of prohibition   regarding the denial of her motion for dis-

■ Our courts favor a rule of liberal construction of the right to disqualify judges. *State ex rel. Stubblefield v. Bader,* 66 S.W.3d 741, 742 (Mo. banc 2002). Prohibition lies if a judge fails to disqualify himself upon proper application of disqualification. *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).

The Supreme Court of Missouri spoke on this issue in *State ex. rel. Stubblefield v. Bader,* 66 S.W.3d 741. In *Stubblefield,* the mother in a juvenile proceeding filed a request for change of judge on the same day the case was set for trial on the merits. 66 S.W.3d at 742. The request was denied and a writ of prohibition was sought. *Id.* Although previous hearings had been held regarding her children and their custody, the Supreme Court held that no "trial" on the merits had taken place and, therefore, the application for change of judge was timely filed. *Id.* Because the application for change of judge was timely filed, the preliminary writ of prohibition was made absolute. *Id.* at 743.

■ Mother, in this case, filed her motion for change of judge on April 13. At that time no trial date had been set. As in *Stubblefield,* previous hearings had been held, but no trial on the merits had occurred. Respondent concedes the motion was timely filed pursuant to Rule 126.01(b).

■ Respondent argues, however, that Mother's motive in seeking the change of judge was not proper. He states that she filed the motion for a change of judge because she was unhappy with the Court's earlier ruling denying her motion to disqualify the guardian ad litem. This argument is misplaced. Mother is entitled to one change of judge as a matter of right under Rule 126.01(a)(2). She is not required to give any reasons why she is

qualification of the guardian ad litem is de-

seeking a change of judge. Her motivation in doing so is irrelevant.

The preliminary writ is made absolute.

KATHIANNE KNAUP CRANE, J., and GEORGE W. DRAPER III, J., concur.