STATE of Missouri, ex rel.
Joy COUCH, Relator,

v.

Hon. Calea STOVALL–REID, Judge
of Division 28, City of St. Louis
Circuit Court, Respondent.

No. ED 84977.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Sept. 28, 2004.

Susan Marie Alverson, Legal Services of Eastern Missouri, St. Louis, MO, for relator.

Mark Edward Lawson, Thomas J. Goeddel, Office of the City Counselor, St. Louis, MO, for respondent.

ROBERT G. DOWD, Jr., Acting Presiding Judge.

Relator, Joy Couch, seeks a writ of prohibition to disqualify Respondent, the Honorable Calea Stovall–Reid, from proceeding in a civil action pending in the Twenty–Second Judicial Circuit. This court issued a preliminary order in prohibition. We now make the preliminary order absolute.

The underlying suit is an action for rent and possession under Chapter 535 of the Revised Missouri Statutes filed by Friends Properties, L.L.C. against Relator in May 2004. The summons, filed on May 11, 2004, set the return of summons date for June 2, 2004. On June 2, 2004, the case was transferred from Associate Circuit Court Division 27 to Associate Circuit Court Division 28 and the case was continued until June 17, 2004. The parties agreed to continue the case to a date later than June 17, 2004 if certain conditions were met. Those conditions were met and the parties agreed to set the case for trial on July 22, 2004.

On July 14, 2004, Relator filed an application for a change of judge pursuant to Section 517.061, RSMo 2000.[1] On July 22, 2004, the application for a change of judge was presented to Respondent, who, there-

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

after, denied the application without stating a reason for the denial. The case was then set for trial for August 26, 2004.

Relator filed her petition with this court, requesting that we prohibit Respondent from taking any further action in the case other than sustaining the application for a change of judge. We issued a preliminary order of prohibition. Respondent filed an answer.[2] We dispense with further briefing requirements as permitted by Rule 84.24(j). The preliminary order is made absolute.

■ Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. *State ex rel. Cardinal Realty Services, Inc. v. Schoeberl*, 915 S.W.2d 340, 341 (Mo.App. S.D.1996). A trial judge lacks jurisdiction and prohibition lies if the judge fails to disqualify himself or herself upon proper application for disqualification. *Id.*

■ Relator claims she was entitled to a change of judge because her application was timely filed pursuant to Section 517.061. Relator is entitled to one change of judge as a matter of right. Rule 51.05(d). If the application was timely filed, the trial judge had no choice but to sustain it, which would leave the court without jurisdiction to take further action in the case. Rule 51.05(e); *Harmon v. Schultz*, 723 S.W.2d 945, 946 (Mo.App. S.D. 1987). The right to disqualify is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it. *State ex rel. Walters v. Schaeperkoetter*, 22 S.W.3d 740, 742 (Mo.App. E.D.2000). A

civil litigant has a virtually unfettered right to disqualify a judge without cause on one occasion. *Id.*

Rule 51.05(a), the civil rule providing the procedures for a change of judge, provides, in pertinent part, that "[a] change of judge shall be ordered in any civil action upon the timely filing of a written application therefore by any party." Section 517.061 provides the procedures for a change of judge before an associate circuit judge. Section 517.061 provides:

Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

In Section 517.061, the legislature established a time different than the one prescribed by Rule 51.05(b) to file an application for a change of judge before associate circuit judges.[3] *State ex rel. Cardinal Realty Services, Inc.*, 915 S.W.2d at 342.

■ The record before this court shows that the case was not tried on the return date of the summons, but rather was continued. The case was again continued until July 22, 2004. The record also reveals that in accordance with Section 517.061,

**2.** Respondent retained an associate city counselor to respond in this matter. The plaintiff in this matter, Friends Properties, L.L.C., has not filed any objection to the proceedings below or to the proceedings here.

**3.** Rule 51.05(b) provides:

The application must be filed within sixty days from the service of process or thirty days from the designation of the trial court, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearances before the trial judge.

both parties had at least fifteen days notice of the new trial setting. Relator filed her application for a change of judge on July 14, 2004, six days before the trial date. Relator complied with Section 517.061, and thus, her application was timely.

■ To the extent that the reason for denying Relator's application as untimely is for failing to file the application no later than five days of the first trial setting on June 17, 2004, this argument must fail. The last trial setting date before the application for change of judge is made is the date to be used in determining the timeliness of an application for a change of judge, without regard to prior continuances. *Harmon v. Schultz*, 723 S.W.2d 945, 947 (Mo.App. S.D.1987); *State v. Stovall*, 784 S.W.2d 852, 853 (Mo.App. E.D. 1990).

■ In her answer, Respondent contends Relator failed to follow the applicable procedures set forth in Rule 51.05. Specifically, Respondent contends Relator failed to comply with Rule 51.05(c), which provides, "[a] copy of the application and notice of the time when it will be presented to the court shall be served on all parties."

The record before this court shows that Relator filed her application for change of judge on July 14, 2004 in Respondent's division and showed a "cc" to the attorney for Friends Properties, L.L.C. and Relator stated in her response that she served the application to Friends Properties, L.L.C. by fax on July 15, 2004.[4] The application did not include notice of when the matter would be presented to the trial court. The matter was then taken up on the trial setting on July 22, 2004.

■ Although the application did not include notice of a date for the hearing, this failure is not fatal as argued by Respondent. *See State ex rel. Director of Revenue, State of Mo. v. Scott*, 919 S.W.2d 246, 248 (Mo. banc 1996). The notice requirement is for the benefit of the party who might wish to oppose the application; it is not for the benefit of the trial judge. *State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 245 (Mo.App. S.D.1992).[5] Here, Friends Properties, L.L.C. was served a copy of Relator's application for a change of judge. Friends Properties, L.L.C., however, was not present on the trial date when Relator's application for a change of judge was taken up. In an affidavit attached to Relator's response to Respondent's answer, Relator's attorney stated that she spoke to the attorney for Friends Properties, L.L.C. and was told that Friends Properties, L.L.C. would not be challenging the change of judge, and thus, would not be present on the trial date when the application would be heard. Friends Properties, L.L.C. did not object to the timely application on any ground. Specifically, Friends Properties, L.L.C. did not object on the ground that it was denied notice and an opportunity to challenge the application. Therefore, Friends Properties, L.L.C. waived its right to challenge the sufficiency of the notice. *Id.* at 247. Furthermore, there was no other cause for denying the application. We cannot say the failure to include notice of a hearing date was fatal to Relator's timely filed

4. Respondent does not argue that the other party did not receive a copy of the application for a change of judge, but rather contends the application did not properly indicate the time when the application would be presented.

5. This case deals with the parallel change of judge procedure in a criminal case set out in Rule 32.07. The same logic and analysis used in discussing Rule 32.07 applies in this case dealing with the civil rule for a change of judge set forth in Rule 51.05.

application and therefore, Respondent had no jurisdiction to deny the application for a change of judge.[6]

Relator's application complied with Section 517.061, and as stated previously, was timely. Respondent should have promptly sustained the application for a change of judge. This court's preliminary order is made absolute. Because Respondent was without authority to deny Relator's application, Respondent is prohibited from taking any further action in the underlying case, except to promptly sustain Relator's application for a change of judge.

CLIFFORD H. AHRENS, P.J. and GLENN A. NORTON, J., concur.

---

**6.** This opinion is not intended to sanction deviation from the procedures mandated by Rule 51.05.