**STATE of Missouri, ex rel., Eric J. DEUTSCH, Relator,**

v.

**The Honorable Matthew THORNHILL, St. Charles Circuit Div., Respondent.**

**No. ED 96430.**

Missouri Court of Appeals, Eastern District, Writ Division Six.

April 12, 2011.

Scott C. Ehlermann, Marie Dianna Lipowicz, St. Louis, MO, for Appellant.

Ronald Charles Miller, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Relator, Eric J. Deutsch, seeks a Writ prohibiting Respondent, the Honorable

---

Matthew P. Thornhill, from taking any further action in the above styled cause with the exception of approving Relator's timely filed application for change of judge pursuant to Section 517.061 RSMo sup 2002. We issued a preliminary order in prohibition. We dispense with further briefing in accordance with Rule 84.24(j) and make the preliminary order permanent.

The underlying action is a civil case in which the plaintiff has filed a petition to recover on a charged-off credit card debt.

### Standard of Review for Issuing a Writ of Prohibition

Prohibition, "an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991), citing *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 185). A writ of prohibition is available: 1) to prevent a usurpation of judicial power when the trial court lacks authority or jurisdiction; 2) to remedy an excess of authority [or] jurisdiction where the lower court lacks the power to act as intended; or 3) where a party may suffer irreparable harm if relief is not granted. *State ex rel. Houska v. Dickhaner*, 323 S.W.3d 29, 32 (Mo. banc 2010); *State ex rel Missouri Public Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009).

Section 517.062 states:

Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

Here, Plaintiff filed its initial petition in this matter on February 1, 2010, seeking recovery from Relator. The initial return date was March 22, 2010. The cause was not tried on the return date, but was instead continued. The case was originally set for trial by order of the trial court on March 14, 2011. The trial court, on its own motion reset the matter for trial on March 21, 2011, by an order dated February 10, 2011. The order setting the trial date was entered more than fifteen days prior to the scheduled trial. On March 9, 2011, Relator filed a motion for change of judge, pursuant to Section 517.061. The motion was filed more than five days prior to the date scheduled for trial. Therefore, Relator has complied with every requirement of Section 517.061. When the requirements of 517.061 are met, the trial court loses authority to take any action other than to approve the application for change of judge. *State ex rel Cardinal Realty Services, Inc. v. Schoeberl*, 915 S.W.2d 340 (Mo.App. S.D.1996).

Because Relator met the requirements of 517.061, the trial court was without authority to deny the application for a change of judge.

Preliminary order in prohibition is made permanent. Respondent is prohibited from taking any further action in the above styled cause with the exception of approving Relator's timely filed application for change of judge pursuant to Section 517.061.

KATHIANNE KNAUP CRANE and GARY M. GAERTNER, JR., JJ., concur.