**STATE of Missouri EX REL.
Brandi WAACK, Relator,**

**v.**

**The Honorable Matthew E.P.
THORNHILL, Respondent.**

**No. ED 105410**

Missouri Court of Appeals,
Eastern District,
**Writ Division I.**

Filed: April 11, 2017

David R. Angle, Columbia, MO, for Relator.

Todd A. Lubben, St. Louis, MO, for Respondent.

## OPINION

Colleen Dolan, Presiding Judge

Brandi Waack ("Relator") seeks a writ of prohibition to disqualify the Honorable Matthew P. Thornhill ("Respondent"), from taking any further action in the above-styled cause with the exception of approving Relator's timely-filed application for change of judge under § 517.061.[1] We issued a preliminary order in prohibition. After considering Respondent's Suggestions in Opposition, we dispense with further briefing in accordance with Rule 84.24(i) and make the preliminary order permanent.[2]

The underlying action is a civil case in which Diamond Finance, LLC ("Plaintiff") has filed a petition to recover money owed on a contract for a sum that did not exceed twenty-five thousand dollars.[3]

---

**1.** All statutory references are to RSMo 2000.

**2.** All references are to Missouri Supreme Court Rules 2016.

**3.** *See* § 517.011.1(1) ("Except as otherwise provided by law, all civil actions and proceedings for the recovery of money... when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars [the action is subject to the provisions of Chapter 517].").

## Standard of Review

 Prohibition is an extraordinary remedy and "is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Deutsch v. Thornhill*, 340 S.W.3d 301, 302 (Mo. App. E.D. 2011) (quoting *State ex rel. Douglas Toyota v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction...A trial judge lacks jurisdiction and prohibition lies if the judge fails to disqualify himself or herself upon proper application for disqualification." *State ex rel. Couch v. Stovall–Reid*, 144 S.W.3d 895, 897 (Mo. App. E.D. 2004). We will issue a writ to: (1) prevent a usurpation of judicial power when the court lacks authority or jurisdiction; (2) remedy an excess of authority or jurisdiction where the court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted. *Thornhill*, 340 S.W.3d at 302 (citing *State ex rel. Houska v. Dickhaner*, 323 S.W.3d 29, 32 (Mo. banc 2010)).

## Discussion

 Relator claims she was entitled to a change of judge because she timely filed an application under § 517.061.[4] As a matter of right, Relator is entitled to one change of judge. Rule 51.05(d). "If the application was timely filed, the trial judge had no choice but to sustain it, which would leave the court without jurisdiction to take further action in the case." *Stovall–Reid*, 144 S.W.3d at 897 (holding "[a] civil litigant has a virtually unfettered right to

disqualify a judge without cause on one occasion").

Section 517.061 states:

Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

 Plaintiff filed its initial petition on February 16, 2016, seeking recovery from Relator. Relator filed her answer and counterclaims on April 29, 2016. The cause was not tried on the return date, but was instead continued. On January 23, 2017, the case was set for trial on March 27, 2017. The order setting the trial date was entered more than fifteen days prior to the scheduled trial. On March 13, 2017, Relator filed an application for change of judge, pursuant to § 517.061. The motion was filed more than five days prior to the date scheduled for trial. The court denied the motion on March 21, 2017.

Respondent argues that Rule 51.05 was applicable to the present case and he denied the request because it was filed out of time pursuant to Rule 51.05. Respondent rejected Relator's argument that § 517.061 permits a party to file for a change of judge so long as the request is five or more days before trial. Respondent argues that § 517.061 must be read in harmony

---

4. We must first note that this Opinion is not a broad declaration of the appropriate procedure for application for change of an associate circuit judge in every case. Rather, this Opinion's analysis and § 517.061 are limited

to the types of cases identified in § 517.011.1. See § 517.011 ("The provisions of [Chapter 517] shall not apply to the practice and procedure before associate circuit judges... except as provided in subsection 1 of this section.")

with Rule 51.05(b), which permits a change of judge when the application is filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer. Respondent argued "[i]f there is a conflict between the Supreme Court's rules and a statute, the rule always prevails if it addresses practice, procedure, or pleadings." *Gabriel v. Saint Joseph License, LLC*, 425 S.W.3d 133, 139 (Mo. App. W.D. 2013). We have determined this issue before, and held that under Rule 41.01(d) we defer "to legislative enactments establishing specialized procedures for actions before associate circuit divisions." *State ex rel. Cardinal Realty Servs. v. Schoeberl*, 915 S.W.2d 340, 342 (Mo. App. S.D. 1996) (quoting *Exchange National Bank of Jefferson City v. Wolken*, 819 S.W.2d 45, 48 (Mo. banc 1991)).

"In section 517.061, the legislature established a time different than the one prescribed by Rule 51.05(b) to file an application for a change of judge before associate circuit judges." *Stovall–Reid*, 144 S.W.3d at 897. In the present case, the case was filed and remained pending before an associate circuit judge, therefore, § 517.061 should have been applied. Relator properly cited § 517.061 as the law applicable to her application for change of judge in this case and Respondent was without authority to deny it. *See Thornhill*, 340 S.W.3d at 302.

## Conclusion

The preliminary order in prohibition is made permanent. Respondent is prohibited from taking any further action in the above styled cause with the exception of approving Relator's timely filed application for change of judge pursuant to § 517.061.

Lisa S. Van Amburg, J., concurs.

Sherri B. Sullivan, J., concurs.