**STATE of Missouri EX REL. ACUITY, A Mutual Insurance Company, Relator,**

v.

**The Honorable Matthew E.P. THORNHILL, Respondent.**

**No. ED 105420**

Missouri Court of Appeals, Eastern District, **Writ Division One.**

Filed: April 11, 2017

Karl W. DickhausSt. Louis, MO, for Relator.

Michael A. Gerritzen, St. Louis, MO, for Respondent.

## OPINION

Colleen Dolan, Presiding Judge

Acuity ("Relator"), a Mutual Insurance Company, and the plaintiff in the underlying case, seeks a writ of prohibition to disqualify the Honorable Matthew P. Thornhill ("Respondent"), from taking any further action in the above-styled cause with the exception of approving Relator's timely-filed application for change of judge under § 517.061.[1] We issued a preliminary order in prohibition. After considering Respondent's Suggestions in Opposition and Respondent's Answer and Suggestions in Opposition, we dispense with further briefing in accordance with Rule 84.24(i) and make the preliminary order permanent.[2]

The underlying action is a civil case in which Relator obtained a default judgment against Troop Brothers, Inc. ("Defendant"). The default judgment was based on Relator's petition, in which it demanded a recovery of money in an amount that did not exceed twenty-five thousand dollars.[3]

### Standard of Review

Prohibition is an extraordinary remedy and "is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Deutsch v. Thornhill*, 340 S.W.3d 301, 302 (Mo. App. E.D. 2011) (quoting *State ex rel. Douglas Toyota v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction...A trial judge lacks jurisdiction and prohibition lies if the judge fails to disqualify himself or herself upon proper application for disqualification." *State ex rel. Couch v. Stovall–Reid*, 144 S.W.3d 895, 897 (Mo. App. E.D. 2004). "A writ of prohibition is available: 1) to prevent a usurpation of judicial power when the trial court lacks authority or jurisdiction; 2) to reme-

---

1. All statutory references are to RSMo 2000.

2. All references are to Missouri Supreme Court Rules 2016.

3. *See* § 517.011.1(1) ("Except as otherwise provided by law, all civil actions and proceed-

ings for the recovery of money ... when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars [the action is subject to the provisions of Chapter 517].").

dy an excess of authority [or] jurisdiction where the lower court lacks the power to act as intended; or 3) where a party may suffer irreparable harm if relief is not granted." *Thornhill*, 340 S.W.3d at 302 (citing *State ex rel. Houska v. Dickhaner*, 323 S.W.3d 29, 32 (Mo. banc 2010)). The second circumstance applies to this case, because Respondent lacked the authority to deny Relator's change of judge request pursuant to § 517.061.

### Discussion

Relator claims it is entitled to a change of judge because Relator timely filed an application under § 517.061.[4] As a matter of right, Relator is entitled to one change of judge. Rule 51.05(d). "If the application was timely filed, the trial judge had no choice but to sustain it, which would leave the court without jurisdiction to take further action in the case." *Stovall–Reid*, 144 S.W.3d at 897 (holding "[a] civil litigant has a virtually unfettered right to disqualify a judge without cause on one occasion"). Section 517.061 states:

> Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

Relator filed its initial petition on December 16, 2015, seeking recovery from Defendant. Defendant was served on March 9, 2016, through the Missouri Secretary of State and the initial return date on the summons was April 18, 2016. On the return date, no one appeared on behalf of Defendant and a default judgment was entered in Relator's favor. Defendant filed a motion to set aside the default judgment on July 11, 2016, which the court granted on August 8, 2016. The case was not set for trial, but the case was set for Defendant's discovery motion hearing on January 9, 2017. On January 6, 2017, Relator filed a motion for change of judge pursuant to § 517.061, which the court denied on January 9, 2017.

Respondent argues that Rule 51.05 was applicable to the present case and he denied the request because it was filed out of time pursuant to Rule 51.05. Respondent rejected Relator's argument that § 517.061 permits a party to file for a change of judge so long as the request is five or more days before trial. Respondent argues that § 517.061 must be read in harmony with Rule 51.05(b), which permits a change of judge when the application is filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer. Respondent argued "[i]f there is a conflict between the Supreme Court's rules and a statute, the rule always prevails if it addresses practice, procedure, or pleadings." *Gabriel v. Saint Joseph License, LLC*, 425 S.W.3d 133, 139 (Mo. App. W.D. 2013). However, there is no conflict here. We have determined this issue before, and held that under Rule 41.01(d) we defer "to legislative enactments establishing specialized procedures for actions before associate circuit divisions...[a]s this case was

---

4. We must first note that this Opinion is not a broad declaration of the appropriate procedure for application for change of an associate circuit judge in every case. Rather, this Opinion's analysis and § 517.061 are limited to the types of cases identified in § 517.011.1. *See* § 517.011 ("The provisions of [Chapter 517] shall not apply to the practice and procedure before associate circuit judges ... except as provided in subsection 1 of this section.").

originally filed and remained pending before 'associate circuit judges,' all 'legislative enactments establishing specialized procedures for actions before associate circuit divisions should have been applied here.'" *State ex rel. Cardinal Realty Servs. v. Schoeberl*, 915 S.W.2d 340, 342 (Mo. App. S.D. 1996) (citing *Exchange National Bank of Jefferson City v. Wolken*, 819 S.W.2d 45, 48 (Mo. banc 1991)).

■ "In section 517.061, the legislature established a time different than the one prescribed by Rule 51.05(b) to file an application for a change of judge before associate circuit judges." *Stovall–Reid*, 144 S.W.3d at 897. In the present case, the case was filed and remained pending before an associate circuit judge; therefore, § 517.061 should have been applied. We understand that the short notice to request a change of judge provided under this statute leads to delay of cases being tried, docketing issues for the court clerk, and inconvenience to opposing counsel and the trial court. Nor do we countenance the action of Relator in this case, waiting two and a half months to challenge the denial of its application for change of judge and filing this writ petition on the Friday evening before a Monday morning motion hearing setting. Nonetheless, it is in excess of our authority to change this statute. *Charleston ex rel. Brady v. McCutcheon*, 360 Mo. 157, 227 S.W.2d 736, 739 (Mo. banc 1950) (holding "[t]o so rewrite this statute would be but judicial usurpation of the legislative function"). Relator properly cited § 517.061 as the law applicable to its application for change of judge in this case and Respondent lacked the authority to deny it. *See Thornhill*, 340 S.W.3d at 302.[5]

### Conclusion

The preliminary order in prohibition is made permanent. Respondent is prohibited from taking any further action in the above styled cause with the exception of granting Relator's timely filed application for change of judge pursuant to § 517.061.

Lisa S. Van Amburg, J., concurs.

Sherri B. Sullivan, J., concurs.

---

5. We do not find Defendant's argument that a trial has already occurred, and therefore Relator may not apply for a change of judge, persuasive. "A trial is a judicial examination and determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction...A default judgment does not involve a judicial examination of the issues between the parties, i.e., a trial[.]" *In re Coonts*, 190 S.W.3d 590, 599 (Mo. App. S.D. 2006); *see also State ex rel. King v. Huesemann*, 776 S.W.2d 488, 490–492 (Mo. App. S.D. 1989) (holding the relator was entitled to a change of judge in his proceeding to set aside the dissolution decree under Rule 74.05(c) because it was a civil action within the meaning of Rule 51.05(a), and "Missouri courts adhere to a rule of liberal construction in favor of the right of a litigant to disqualify the judge") (citing *State ex rel. Horton v. House*, 646 S.W.2d 91, 93 (Mo. banc 1983)).