

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF:  )
K.A.C. and E.A.G., minor children under  )
seventeen years of age.  )
 )
GREENE COUNTY JUVENILE OFFICE,  )
 )
        Petitioner-Respondent,  )
 )
v.  )    No. SD37852, 37853
 )    Filed: **May 25, 2023**
J.R.M.,  )
 )
        Respondent-Appellant.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Senior Judge

**AFFIRMED**

J.R.M. ("Mother") appeals separate judgments terminating her parental rights to her children, K.A.C. and E.A.G. (collectively, the "Children"). The appeals were consolidated for our review. In her only point on appeal, Mother alleges the trial court erred in failing to grant her timely motions for change of judge under Rule 121.02(a).[1] Because Mother's point lacks merit, we affirm the judgments of the trial court.

---

[1] All rule references are to Missouri Court Rules (2022). All statutory references are to RSMo Cum. Supp. 2020.

**Factual Background and Procedural History**

Mother does not challenge the grounds for termination found by the trial court or that termination of her parental rights is in the Children's best interest. Therefore, we do not recite the evidence supporting those findings.

The Circuit Court of Greene County, Juvenile Division, assumed jurisdiction over the Children under Section 211.031 by an Order for Protective Custody entered on February 22, 2021 by Judge Andy Hosmer. On October 1, 2021, Senior Judge Calvin Holden was assigned to new cases created for the petitions to terminate Mother's parental rights. The Juvenile Office filed petitions to terminate Mother's parental rights to Children on October 27, 2021. Mother was served with process in both cases on November 18, 2021. The trial court scheduled a hearing on both petitions for June 23, 2022. On May 23, 2022, the Juvenile Office moved for leave to file amended petitions, which the trial court granted on June 1, 2022. Mother filed a motion for change of judge in each case on June 17, 2022. Mother then moved for a continuance of the hearing date on June 20, 2022, which the trial court denied the next day. On the hearing date, June 23, 2022, the trial court denied Mother's motions for change of judge, granted the Juvenile Office's oral motion to file amended petitions, and conducted the hearing on June 23, September 12 and 14, 2022. On September 28, 2022, the trial court entered its judgment in each case terminating Mother's parental rights. Mother timely appealed.

**Standard of Review**

The timeliness of a motion for change of judge without cause is an issue of law this Court reviews *de novo*. *In re S.M.H.*, 160 S.W.3d 355, 359 (Mo. banc 2005). "The right of a party to disqualify the judge is one of the keystones of our legal administrative edifice, and our courts, therefore, adhere to a rule of liberal construction in favor of the right to disqualify." *State ex rel.*

*Stubblefield v. Bader*, 66 S.W.3d 741, 742 (Mo. banc 2002) (citing *State ex rel. Horton v. House*, 646 S.W.2d 91, 93 (Mo. banc 1983)).

## Analysis

Mother asserts the trial court erred in denying her motions for change of judge. Mother argues Rule 121.02 contains no time limit for filing an application for change of judge in a case under Section 211.447 so, according to Mother, she was entitled to an automatic grant of her motions for change of judge.[2] Rule 121.02 provides in relevant part:

121.02 CHANGE OF JUDICIAL OFFICER

a. A change of judicial officer shall be ordered upon the timely filing of a written application by a party.

b. The application need not allege any cause for a change of judicial officer and need not be verified but shall specifically designate the judicial officer against whom the application is filed.

. . . .

e. A copy of the application and notice of the date and time when it will be presented shall be served on all parties.

f. The judicial officer promptly shall sustain a timely application for a change of judicial officer upon its presentation.

g. Once an application filed by a party, other than the juvenile officer, has been sustained, no further applications, except under Rule 121.01, shall be permitted.

h. A change of judicial officer under this Rule 121.02 shall not be permitted in connection with a supplemental petition or a motion to modify a prior order of disposition under chapter 211, RSMo, or in connection with a petition filed under section 211.447, RSMo, unless the designated judicial officer is not the judicial officer who conducted the hearing on the petition.[3]

---

[2] Mother raised her claim in her motions for new trial. But her motions for change of judge did not cite any rule or statute and requested recusal based only on appearance of impropriety. *See* Rule 78.09; ***Brown v. Brown***, 423 S.W.3d 784, 787-88 (Mo. banc 2014). Even assuming Mother preserved her claim for review, Mother's argument fails on the merits for the reasons set out here. Mother abandons any claim the trial court should have recused due to appearance of impropriety.

[3] Rules 121.02(c) and (d) provide time limits for filing an application for change of judge in proceedings filed under Section 211.031. Neither party claims Section 211.031 is at issue in this appeal.

Mother's argument ignores that Rule 121.02(a) requires "the timely filing of a written application[.]" In determining what constitutes "timely filing," we look to Rule 51.05 because, "[i]n civil cases, a change of judge is governed by Rule 51.05." ***Stubblefield***, 66 S.W.3d at 742; *see also* Rule 41.01(a)(2) (Rules 41 through 101 govern all civil actions pending before a circuit judge except those actions governed by the probate code); Rule 41.04 ("If no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with the applicable statute, or statutes, if any, and precedent but not inconsistent with Rules 41 to 101, inclusive."). "Rule 51.05 grants a party the absolute right to disqualify a judge once without cause or any showing of prejudice." ***State ex rel. Manion v. Elliott***, 305 S.W.3d 462, 464 (Mo. banc 2010). Rule 51.05(b) requires "[t]he application [for change of judge] must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer."

Reading Rule 51.05 and Rule 121.02 together, to obtain an automatic change of judge as a matter of right in her termination of parental rights cases, Mother had to file her applications for change of judge within the latter of 60 days from when she was served with process in the cases on November 18, 2021, or 30 days from the designation of Judge Holden as the trial judge on October 1, 2021. These are the applicable time limits for Mother's applications because Rule 121.02(h) applies and explicitly permits the filing of an application for change of judge in connection with a petition filed under Section 211.447 where, as here, a new judge was assigned upon the filing of the petitions for termination of parental rights and is not the same judge who presided over the prior petitions requesting the court to take jurisdiction over the Children and place them in protective custody.[4] Thus, Mother's applications for change of judge under Rule

---

[4] Had a new judge not been assigned, Mother would have had no right to file an application for change of judge under Rule 121.02(h). *See also* ***S.M.H.***, 160 S.W.3d at 358-59 (holding a petition to terminate parental rights is not

121.02 had to be filed by January 17, 2022.  Mother did not move for a change of judge until June 17, 2022.  Because Mother did not seek a change of judge as a matter of right in time under Rule 51.05 or Rule 121.02, the trial court did not err in denying Mother's motions.  Point denied.

## Conclusion

The judgments are affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

an independent civil action for purposes of application for change of judge where the petition was to be heard by the same judge who heard the petition asking the court to assume jurisdiction over the child and place the child in protective custody).