

# In the Missouri Court of Appeals
# Eastern District

## WRIT DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. DAVID HUTCHINSON, | ) ) ) | No. ED111931 |
| Relator, | ) ) ) | Appeal from the Circuit Court of Jefferson County |
| vs | ) ) | Cause No. 18JE-AC01436 |
| THE HONORABLE ANTONIO M. MANANSALA, ASSOCIATE CIRCUIT JUDGE, TWENTY THIRD JUDICIAL CIRCUIT, JEFFERSON COUNTY | ) ) ) ) ) ) | Honorable Antonio M. Manansala |
| Respondent. | ) | Filed: September 12, 2023 |

David Hutchinson ("Relator") seeks a writ of prohibition to disqualify the Honorable Antonio M. Manansala ("Respondent") from proceeding in the underlying case following the denial of Relator's application for change of judge. Because Relator's motion was timely filed, Respondent lacked authority to overrule Relator's application for change of judge. The preliminary writ is made permanent.

### Background

Relator is currently a tenant in a building owned by the plaintiff in the underlying action. That action seeks to terminate Relator's tenancy and obtain unpaid rent, attorney's fees, and costs. The case has been set for trial and continued on several occasions since its initial filing in

April 2018. On one occasion, Respondent set the case for trial on December 8, 2022. That setting was continued on December 7, 2022, because defense counsel was ill. The case was again set for trial on May 11, 2023, but Respondent continued that trial date at the request of the plaintiff.

Relator then filed a motion for judgment on the pleadings. Respondent set the motion for a hearing to take place on August 8, 2023. Prior to that hearing, on July 11, 2023, Relator filed a motion for change of judge. Respondent overruled the motion for change of judge on July 17, 2023, without a hearing, ruling that the motion was filed untimely. Respondent then conducted the August 8, 2023 hearing on Relator's motion for judgment on the pleading. Respondent denied that motion on August 17, 2023, and entered a trial setting for August 22, 2023.

Relator then filed this writ of prohibition, arguing that Respondent improperly overruled his motion for change of judge because it was filed timely. This Court issued a preliminary writ of prohibition.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. Prohibition is an extraordinary remedy this Court issues with "great caution and forbearance and only in cases of extreme necessity." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021) (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). A writ of prohibition is discretionary. *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009). A writ of prohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party. *State ex el. Becker v. Wood*, 611 S.W.3d 510, 513 (Mo. banc 2020). A writ of prohibition is proper and may issue when a circuit court fails to sustain a properly filed motion for change of

judge upon proper application for disqualification. *State ex rel. Couch v. Stovall-Reid*, 144 S.W.3d 895, 897 (Mo. App. 2004).

## Analysis

Relator argues his motion for change of judge was timely under § 517.061, RSMo 2016.[1] Respondent contends that because Relator did not file for change of judge within five days of the December 2022 trial setting, Relator waived his ability to file for a change of judge.

"Rule 51.05 provides a party an 'absolute right to disqualify a judge once without cause or any showing of prejudice.'" *Worth v. Roden*, 646 S.W.3d 308, 310 (Mo. App. 2022) (quoting *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 464 (Mo. banc 2010)). When a party files a timely application for change of judge, the court may take no action other than to grant the change. *Id.* Here, the only question before the Court is whether Relator's application was timely.

Although Rule 51.05 governs the procedure for a change of judge generally, when—as in this case—the action is pending in the associate circuit division, section 517.061[2] governs the timing in which the application for change must be filed. *See State ex rel. Acuity v. Thornhill*, 516 S.W.3d 400, 402-03 (Mo. App. 2017). Section 517.061 provides:

> Change of venue and change of judge shall be for the same reasons and in the same manner as provided in the rules of civil procedure except that the application shall be filed not later than five days before the return date of the summons. If the cause is not tried on the return date but continued and if all parties are given fifteen days' advance notice of a trial setting before the particular judge, then any application for change of judge or change of venue shall be made not later than five days before the date set for trial.

The timeliness of the motion for change of judge is calculated from the last trial setting date "without regard to prior continuances." *State ex rel. Couch*, 144 S.W.3d at 898. Under §

---

[1] All statutory citations are to RSMo 2016 unless otherwise noted.
[2] Chapter 517 of the Revised Statues of Missouri generally governs the procedure before associate circuit judges.

517.061, the number of times a case has been continued and the timing of those continuances are largely irrelevant to the calculation of the timeliness of an application for change of judge in the associate circuit division. In other words, an application is timely so long as it is made five days before the *final* trial setting.[3]

In this case, Relator filed his motion for change of judge on July 11, 2023. At the time Relator filed his motion, the only relevant setting before the court was an August 8, 2023, hearing. Trial was ultimately set on August 22, 2023. Because Relator's motion was made well before the five-day time limit of § 517.061, Relator's motion was timely. As a result, Respondent lost "authority to take any action other than to approve the application for change of judge." *State ex rel. Deutsch v. Thornhill*, 340 S.W.3d 301, 302 (Mo. App. 2011).

Because Respondent lacks authority to take any further action in the case, Respondent is required to sustain the motion for change of judge.

### Conclusion

For the foregoing reasons, the preliminary writ is made permanent.

John P. Torbitzky, P. J.

Lisa P. Page, J., and
Thomas C. Clark II, J., concur.

---

[3] This is a much more liberal standard than Rule 51.05, which requires that an application for change of judge be made within the longer of either 60 days from service of process or 30 days from the designation of the trial judge.